**Ralph Edward STUDER, Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.**

**No. 85–653.**

Supreme Court of Iowa.

Dec. 18, 1985.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

John A. Pabst, of Pabst Law Firm, Albia, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

CARTER, Justice.

The Iowa Department of Transportation has appealed in advance of final judgment with our permission from an order of the district court compelling discovery in an action for judicial review of a contested case decision under Iowa Code chapter 17A. The agency, which was respondent in

the district court, contends that the discovery procedures of the Iowa Rules of Civil Procedure are inapplicable to judicial review of contested case hearings. We agree with that contention and reverse the order of the district court.

The license to drive of the petitioner, Ralph Edward Studer, was revoked by the respondent agency under Iowa Code section 321B.16 (1983) as a result of the certification by a peace officer that there existed reasonable grounds to believe that petitioner had operated a motor vehicle while under the influence of alcohol and that a chemical test revealed a blood alcohol level of .10 or more. Petitioner challenged this determination within the agency on the ground that the required certification of the peace officer was dated and notarized prior to the time that the results of the chemical test became available. The agency action was upheld in a proposed decision of an agency hearing officer issued following a contested case hearing. The proposed decision of the hearing officer was appealed to the department of transportation on the ground that the assignment of the hearing officer had violated the separation of function provisions contained in Iowa Code section 17A.17 (1983). The Department reviewed this contention and found it to be without merit. The latter decision constituted the final action upholding the revocation of petitioner's license to drive.

Petitioner challenged the final agency action by petition for judicial review in the district court. He alleged violation by the agency of section 17A.17 and served a series of interrogatories on the agency seeking information relating to agency procedures for assignment of hearing officers and a description of agency personnel policies which might affect the independence of agency hearing officers. The agency objected to answering these interrogatories on the ground that discovery is not available in judicial review of contested case decisions under Iowa Code section 17A.19 (1983). The petitioner then filed a motion to compel answers which was sustained by the district court. We granted permission to appeal that order in advance of final judgment.

In seeking reversal of the district court's order compelling discovery, the agency argues that no discovery should be permitted in the district court in any action for judicial review under section 17A.19. We limit our consideration of this contention to judicial review of contested case determinations. We need not determine whether, in view of the fact that judicial review not involving contested case procedure may be based on a record "amplified" in the district court, *see Lickteig v. Iowa Department of Transportation,* 356 N.W.2d 205, 208 (Iowa 1984), discovery may be appropriate in that type of case.

■ With respect to those matters which the agency has determined by contested case procedure, we agree with respondent's contention that discovery in the district court action is inappropriate. We have recently stated in *Maschino v. Geo. A. Hormel & Co.,* 372 N.W.2d 256 (Iowa 1985) that

The parties and the district court are not entirely at liberty to present for judicial review a record different from that on which the agency has based its decision. Some provisions of our rules governing pretrial conferences are inapplicable to judicial review of contested case proceedings. *See* Iowa R.Civ.P. 136–38. Pretrial conference orders in these cases *ought not be concerned with such evidentiary matters as judicial notice, factual issues to be litigated, exhibits or witnesses.*

*Id.* at 259 (emphasis added). The same considerations which prompted those conclusions concerning evidentiary issues in the district court militate in favor of denying discovery in that court with respect to judicial review of contested case decisions.

■ Petitioner urges, however, that such limitations as may generally apply to re-

view of contested cases should not apply to the present case. He posits this contention on his assertion that the issue of separation of functions which is raised in the petition for judicial review was not an issue that was involved in the contested case hearing held on the proposed revocation of his license to drive. He characterizes his present complaint as a collateral attack on the validity of that decision which will necessarily require proof of matters dehors the record.

In *Christensen v. Iowa Civil Rights Commission*, 292 N.W.2d 429, 430 (Iowa 1980), we recognized that some actions taken by an agency in the process of conducting a contested case hearing may be agency action reviewable as such under section 17A.19(1). Assuming that the separation of functions by the agency which is objected to by petitioner might meet the definition of "agency action" rather than a contested case decision, this circumstance does not aid petitioner in the present case. Section 17A.17(4) specifically requires that challenges to such action be determined "as part of the [agency] record in the case." That statute also indicates the manner in which such challenges shall be documented for agency consideration. In construing this statute, we conclude that it precludes amplification of the agency record on judicial review of issues involving separation of functions, regardless of whether it is claimed that the challenged activities involved agency action.[1] This limitation on evidentiary issues in the district court renders discovery in that court inappropriate in judicial review of issues involving section 17A.17(4). Based upon these considerations, we conclude that the district court erred in issuing the order compelling discovery. That order is reversed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

1. Section 17A.17(4) further provides that judicial review of agency determinations of such issues is to be de novo rather than in accordance with the standards of section 17A.19(8)(f).