**COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT, Appellee,**

v.

**CITY OF COUNCIL BLUFFS, By and Through the COUNCIL BLUFFS HUMAN RELATIONS COMMISSION and Alberta Phippen, Appellants.**

No. 86–744.

Supreme Court of Iowa.

Sept. 23, 1987.

Robert L. O'Brien, Asst. City Atty., Council Bluffs, for appellant Council Bluffs Human Relations Com'n.

Judy K. Hoffman, Omaha, Nebraska, and Mark Eveloff, Council Bluffs, for appellant Alberta Phippen.

R.A. Porter of Porter, Tauke & O'Brien, Council Bluffs, for appellee.

REYNOLDSON, Chief Justice.

We granted interlocutory appeal to consider these issues: (1) whether the district court should have considered a transcript of deliberations leading to final agency action as part of the record for purposes of judicial review of a contested case proceeding, and (2) whether district court, in reviewing a claim of agency bias, had authority to supplement the agency record by authorizing the deposition of all individuals who attended the public meeting at which the agency's final decision was reached.

We answer both questions in the negative, and thus reverse the district court's ruling and remand for further proceedings.

October 13, 1982, Alberta Phippen filed an age discrimination complaint against the Council Bluffs Community School District with the Council Bluffs Human Relations Commission. A hearing officer, acting on behalf of the commission, conducted an evidentiary hearing on Phippen's complaint. May 4, 1985, the hearing officer submitted a proposed decision to the commission that concluded the school district had discriminated against Phippen by denying her employment on the basis of her age. The hearing officer's proposed decision awarded Phippen back pay, pension and social security benefits, and the first full-time teaching position for which she was qualified.

The school district filed numerous objections to the hearing officer's proposed decision, and on June 26, 1985, the commission met to consider that decision. By written order issued June 28, 1985, the commission, with minor modifications, accepted the hearing officer's proposed decision and remedy. This order constituted the commission's final decision in this contested case proceeding.

The school district appealed the commission's order to the district court in Pottawattamie County. The commission answered and also filed the administrative record generated as the result of Phippen's complaint.

August 8, 1985, the school district filed application for leave to present additional evidence to district court. The school district asserted in relevant part that following the January 24 evidentiary hearing it learned that certain members of the commission had conflicts of interest, personal interests in the outcome of the contested case, and were biased against the school district.

August 28, 1985, hearing on the school district's motion was held in district court, the Honorable J.C. Irvin, judge. The focus of the August hearing was the June 26, 1985, commission meeting during which the commission discussed several of the concerns raised by the school district and reached its final decision. As a result of the district court hearing, Judge Irvin ordered that the mechanized recording of the June 26, 1985, meeting be transcribed and provided to the court.

Typed copy of the June 26 meeting was filed in district court January 23, 1986. At numerous points in the transcript, the proceedings were designated either "inaudible" or "...". The school district renewed its motion to present additional evidence, asserting that because of the apparently incomplete nature of the transcript, the commission had failed to provide an adequate record for review of the appeal in Phippen's contested case. Relevant here is the school district's request that the district court authorize it to "depose members of the ... Commission to correct, if possible, the omitted and fragmented sections of the record."

District court, the Honorable Glenn M. McGee, judge, granted the school district's motion in part. The ruling provided:

IT IS THEREFORE ORDERED that Petitioner's Motion is sustained in part in that Petitioner is granted permission to depose *each and every member of the Council Bluffs Human Relations Commission and all persons in attendance at the hearing, in order to determine what parts of the record were omitted and whether any bias existed on the part of any commission members.*

Our scope of review is confined to the correction of errors of law made by district court. *Phipps v. Iowa Dep't of Human Servs.*, 409 N.W.2d 174, 178 (Iowa 1987).

■ I. The school district asserts, and district court apparently agreed, that the transcript of the commission's June 26, 1985, meeting became part of the record in this contested case proceeding. We disagree.

Under the Iowa Administrative Procedure Act (IAPA), absent stipulation to the contrary, the entire administrative record of a contested case proceeding is to be filed with district court for its review. Iowa

Code § 17A.19(6) (1985). That "record" includes:

    a. All pleadings, motions and intermediate rulings.

    b. All evidence received or considered and all other submissions.

    c. A statement of all matters officially noticed.

    d. All questions and offers of proof, objections and rulings thereon.

    e. All proposed findings and exceptions.

    f. Any decision, opinion or report by the officer presiding at the hearing.

Iowa Code § 17A.12(6). It is upon this record that the district court, sitting in an appellate capacity, determines whether a petitioner's substantial rights, as enumerated in Iowa Code section 17A.19(8), have been prejudiced by the agency's final action. *See Mary v. Iowa Dep't of Transp.*, 382 N.W.2d 128, 131 (Iowa 1986); *Mercy Health Center v. State Health Facilities*, 360 N.W.2d 808, 811 (Iowa 1985).

Clearly, all proceedings prior to the June 26 commission meeting became part of the administrative record in this case. At the June 26, 1985, proceeding the commission simply reviewed orally the record previously made. In considering objections raised by the school district, the commission deliberated whether to accept or reject the hearing officer's proposed findings of fact and conclusions of law. With only minor modifications the commission adopted the hearing officer's proposed order as its final decision. Although the school district raised the question of bias and the subject was discussed, it was neither formally presented by affidavit, Iowa Code § 17A.17(4), nor addressed in the commission's final order. The commission did not seek a rehearing through an Iowa Code section 17A.16(2) application.

Under the IAPA all oral proceedings must be open to the public and must be recorded. The record of such proceedings must then be filed with and maintained by the agency for at least five years. Iowa Code § 17A.12(7). Had the legislature intended that all oral proceedings become part of the administrative record for purposes of review, it could have so provided in its detailed and lengthy description of the components of the administrative record. *See id.* § 17A.12(6). It could also have separately provided in Iowa Code section 17A.12(7) that oral proceedings become part of the administrative record.

These omissions convince us that to the extent oral proceedings do not otherwise fall within the legislature's detailed and lengthy description of a contested case record in Iowa Code section 17A.12(6), they do not become part of the record for judicial review purposes. District court erred to the extent it concluded otherwise.

■ II. We next consider whether district court, in considering a charge of agency bias, was empowered to authorize depositions to be taken of all individuals attending the June 26 meeting. We conclude it was not.

The IAPA recognizes that issues of bias will arise and provides for their resolution in the context of contested case proceedings. The IAPA provides:

    A party to a *contested case* proceeding may file a timely and sufficient affidavit ... asserting personal *bias* of an individual participating in the making of any proposed or final decision in that case. *The agency shall determine the matter as part of the record in the case.* When an agency in these circumstances makes such a determination with respect to an agency member, that determination shall be subject to de novo judicial review in any subsequent review proceeding of the case.

Iowa Code § 17A.17(4) (emphasis added).

Under this section, any evidence received by the agency on the question of bias as well as its resolution of the issue become part of the contested case record. And, while the statute provides district court's review of the bias issue is de novo, the court itself cannot receive further evidence because the resolution of that issue initially was entrusted to the agency. Rather, for good cause shown, district court "may order that the additional evidence be taken before the agency upon conditions deter-

mined by the court." Iowa Code § 17A.19(7); *see Heidemann v. Sweitzer,* 375 N.W.2d 665, 670 (Iowa 1985).

Because district court had no authority to hear additional evidence, it necessarily had no authority to order discovery. Thus, district court's order must be reversed.

 Even if we were to determine that questions of bias constituted noncontested case agency action, our result would be the same. That conclusion follows from our recent decision in *Studer v. Iowa Department of Transportation,* 378 N.W.2d 300 (Iowa 1985).

In *Studer,* a judicial review petitioner asserted a separation of functions issue and sought discovery by interrogatory. *Id.* at 301. Issues of separation of functions, like questions of bias, implicate the provisions of Iowa Code section 17A.17(4). In *Studer,* district court granted petitioner's request and we granted interlocutory appeal.

Reversing district court's order we stated:

> Assuming that the separation of functions by the agency which is objected to by petitioner might meet the definition of "agency action" rather than a contested case decision, this circumstance does not aid petitioner in the present case. Section 17A.17(4) specifically requires that challenges to such action be determined "as part of the [agency] record in the case." That statute also indicates the manner in which such challenges shall be documented for agency consideration. *In construing this statute, we conclude that it precludes amplification of the agency record on judicial review of issues involving separation of functions, regardless of whether it is claimed that the challenged activities involved agency action. This limitation on evidentiary issues in the district court renders discovery in that court inappropriate in judicial review of issues involving section 17A.17(4).* Based upon these considerations, we conclude that the district court erred in issuing the order compelling discovery.

*Id.* at 302 (emphasis added) (footnote omitted).

The district court order is reversed. This case is remanded to district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.