**Gary W. FISHER, Appellee,**

v.

**IOWA BOARD OF OPTOMETRY EXAMINERS, Appellant.**

**No. 90–1459.**

Supreme Court of Iowa.

Dec. 24, 1991.

Rehearing Denied Jan. 24, 1992.

tested case decision of the Iowa Board of Optometry Examiners (board), to issue an order directing the board to produce records of its closed deliberations and to grant a motion to expand the record. Finding that it was error, we reverse the district court and remand for further proceedings.

## I. *Background Facts and Procedure.*

This is the second interlocutory appeal from the district court in this matter. We previously set forth the general factual and procedural background of this case in our decision, *Fisher v. Board of Optometry Examiners*, 476 N.W.2d 48 (Iowa 1991). We limit our statement of the facts to those necessary to our decision in this interlocutory appeal.

On March 15, 1990, during the judicial review proceeding, Fisher served upon the board a "request for production of documents." Fisher specifically requested the production of the recording of the board's closed executive session deliberations. On the same date, Fisher also filed with the district court a "motion for leave to expand the record." Fisher based this motion on Iowa Code section 17A.19(7) (1989). His underlying theory in support of the filing of these two documents was that the board's amended decision was the result of media pressure and:

> [T]hat the media pressure brought to bear had a major impact on the overall decision, particularly in light of the fact that *no* additional evidence was ever taken by the Board of Optometry in which it rendered a contrary decision after having been subjected to extreme media pressure. This adverse publicity, under the facts of this case, we believe, may well raise constitutional questions of due process on multiple grounds.... That only by permitting the full record to be made as far as the extreme media pressure on a private licensure matter can any possible explanation be made as to why a decision based on record evidence is reversed with absolutely no new evidence being produced or presented.

Mark McCormick and Margaret C. Callahan of Belin, Harris, Lamson, McCormick, A P.C., Des Moines, for appellant.

John A. McClintock and David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

In this interlocutory appeal, we are asked to determine whether it was error for the district court, on judicial review of a con-

The board resisted the production of documents on the grounds that discovery is unavailable in judicial review of a contested case and that agency deliberations are not part of the administrative record in judicial review of a contested case.

After a hearing on the motions, the district court issued an order granting both the motion to expand the record and for production of the requested documents. We granted the board's request for interlocutory appeal and now reverse the district court's orders and remand for further proceedings.

## II. *Scope of Review.*

■ Iowa Code section 17A.19(8) governs judicial review of the action of the board. On appeal, our sole task is to correct legal error, if any, infecting the board's decision. *Boswell v. Iowa Bd. of Veterinary Medicine*, 477 N.W.2d 366 (Iowa 1991). Here we are reviewing a collateral order which essentially is an order directing discovery. A question regarding the availability of discovery on judicial review goes to the authority of the court and is a question of law. *See, e.g., Council Bluffs Community School Dist. v. City of Council Bluffs*, 412 N.W.2d 171, 172 (Iowa 1987). Therefore, we review the challenged order for the correction of errors at law. Iowa R.App.P. 4.

## III. *Production of Documents (Discovery).*

■ Fisher requested that the district court order the board to produce records of its closed executive deliberations, including a tape recording of the deliberations resulting in the board's amended decision. The court, in judicial review of a contested case, sits in an appellate capacity. Because the court has no authority to hear additional evidence, it normally will have no authority to order discovery. *Council Bluffs*, 412 N.W.2d at 174.

■ Generally, the deliberations of an agency in a contested case proceeding are not part of the record and thus are not subject to judicial review. Iowa Code §§ 17A.12(6); 17A.19(7) (1989); *id.* at 173. Deliberations that are made part of the record before the agency may, however, come before the district court on judicial review.

In *Council Bluffs*, we recognized that there may be certain circumstances in which deliberations may be made part of the record before the agency. Specifically, we referred to the instance in which there may be allegations that one or more of the decision makers are biased. *Id.* We held that, under Iowa Code section 17A.17(4), bias is an issue that must be raised before the agency. *Id.* Because the bias issues were not properly presented to the commission, we reversed the order of the district court and did not allow the introduction of the record of deliberations on judicial review. *Id.* "Although the school district raised the question of bias and the subject was discussed, it was neither formally presented by affidavit, Iowa Code § 17A.17(4), nor addressed in the commission's final order." *Id.* We implicitly held that the issue may have, nevertheless, been preserved for judicial review had a section 17A.16(2) rehearing been sought. *Id.*

■ Under Iowa Code chapter 17A and the holding of *Council Bluffs*, we find that the only way a court can review deliberations of a board in a contested case is if the board, in fact, made its deliberations part of the record. If the board was properly informed that a bias or similar challenge were made to its decision, it would be required to render a decision on that issue pursuant to section 17A.17. In doing so the board could make its deliberations part of the record subjecting them to judicial review. If the board failed to make its deliberations part of the record, then, in certain circumstances, a judicial review order directing an expansion of the record before the board, to include the deliberations, may be proper. *See* Iowa Code § 17A.19(7). If the board was directed to make its deliberations as a result of a motion to expand the record, the deliberations might also then be subject to judicial review. The challenge to the board's decision must, however, be properly presented to the board.

The recurring theme appearing in Fisher's judicial review motions is that the board deprived him of due process because it succumbed to undue outside media influence in its decision-making process. Fisher's argument in support of his request for the production of documents is a constitutional challenge. However, this constitutional challenge is raised for the first time in the motions and filings in the district court.

■ Like issues of bias, we have consistently held, most recently in *Board of Directors v. Justmann*, 476 N.W.2d 335 (Iowa 1991), "that constitutional issues must be raised before state agencies in order to be preserved for judicial review under Iowa Code chapter 17A." *Id.* at 339 n. 1 (citing *Chauffeurs, Teamsters & Helpers Local Union 238 v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375 (Iowa 1986); *Chicago & N.W. Transp. Co. v. Iowa Transp. Regulation Bd.*, 322 N.W.2d 273 (Iowa 1982)). The constitutional issue must be raised before the agency in the pleadings, motions, or testimony during the hearing. Such issues may be raised before the board in a motion for, or resistance to, a request for a rehearing or at the rehearing itself. *See, e.g., Council Bluffs*, 412 N.W.2d at 173.

■ Although Fisher may not have perceived a constitutional defect until after the board issued its amended decision, he still had the opportunity to present that issue to the board in another request for a rehearing. At the very least, Fisher should have stated in such a petition for rehearing that he believed that the amended decision suffered from a constitutional infirmity. Had he done so, the board would have an opportunity to make its deliberations part of the record and decide whether to further amend or revise its decision because of the constitutional challenge. If the board declined to consider the issue, the district court may properly have directed that the board consider its deliberations, making them part of the record before the agency.

Fisher has requested that the board be required to produce the records of deliberations. He claims that these records are necessary evidence to prove that the board deprived him of his constitutional right to due process. Fisher had the opportunity to raise this issue before the board in a request for rehearing. He did not. His constitutional claims were not presented to the board; they have not been preserved for judicial review. Therefore, it was error for the district court to order the board to produce records and recordings of its deliberations. The motion should have been denied.

IV. *Motion for Leave to Expand the Record.*

■ Iowa Code section 17A.19(7), provides in pertinent part:

Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that additional evidence may be taken before the agency upon conditions determined by the court.

Fisher filed the motion for leave to expand the record based on constitutional due process grounds. The constitutional issues were not raised before the board in a request for rehearing. There was no showing the additional evidence was material to the issues before the board or that there was good reason for the failure to present it in the contested case proceeding before the agency. The statutory grounds for granting the motion for leave to expand the record have not been met. It was, therefore, error for the district court to grant the motion.

V. *Disposition.*

The district court erred in granting Fisher's motions because Fisher failed to preserve the constitutional issues upon which his motions were based. We reverse the district court's orders directing the produc-

tion of documents and expanding the record. The case is remanded for further proceedings consistent with this decision.

DISTRICT COURT ORDERS REVERSED; CASE REMANDED.