**Ali A.R. KHOLEIF, Appellee,**

**v.**

**The BOARD OF MEDICAL EXAMINERS OF the STATE OF IOWA; Ronald D. Eckoff, M.D., Acting Director of the Department of Public Health of the State of Iowa; and The Iowa Department of Public Health, Appellants.**

**No. 91–606.**

Supreme Court of Iowa.

March 24, 1993.

Bonnie J. Campbell, Atty. Gen., and Julie F. Pottorff, Sp. Asst. Atty. Gen., for appellants.

Lylea Dodson Critelli of Nick Critelli Associates, P.C., Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This interlocutory appeal concerns a district court's power to compel a state licensing board to deliver for in camera judicial review a transcript of the board's closed-session deliberations. The district court ordered appellant Iowa Board of Medical Examiners (board) to prepare such a transcript. We reverse.

In September 1989 the board received two complaints concerning Dr. Ali Kholeif, an Ottumwa anesthesiologist who has been licensed to practice medicine in Iowa since 1979. The complaints concerned two patients, a four-year-old girl who underwent surgery for a broken leg, and a nineteen year-old woman who delivered a child by

cesarean section. Both patients suffered complications while under anesthesia administered by Kholeif. The four-year-old ultimately died, and the young woman currently exists in a persistent vegetative state.

After assigning an investigator, the board referred the patients' records to its peer review committee on anesthesiology. In May 1990, the board's executive director filed a formal complaint against Kholeif, and the board issued a summary suspension order for Kholeif to cease his practice pending hearing.

On June 5 Kholeif appeared for a disciplinary hearing before the full board. Kholeif orally objected to the proceedings, arguing that any board member who had participated in the summary suspension order had necessarily prejudged the case. Kholeif then sought to voir dire the board members to challenge them for cause. The board responded by going into closed session. After considering Kholeif's objection, the board explained on the record that the May 10 vote to suspend had not been unanimous, that they understood that only the State's version of the facts had been presented at that time, and that they were now starting fresh, willing to consider both sides of the controversy without bias. After further discussion the hearing was temporarily adjourned to permit Kholeif the opportunity to "pursue a course of comprehensive assessment and remedial training" under the supervision of a board approved anesthesiologist.

In September 1990, the disciplinary hearing resumed, at which time Kholeif renewed his claim that certain board members were biased. Kholeif also registered a conflict of interest complaint, noting that the peer review committee's proposed expert witness was a doctor in the same eighty-member medical clinic as two of the board members. Kholeif also asserted that the board had engaged in prohibited ex parte communications with the assistant attorney general assigned to the case. Again, the board went into closed session to discuss the charges, eventually deciding that there was no ex parte contact, no bias,

and no need for any members to recuse themselves.

The board then heard testimony from the investigator, from several Ottumwa doctors (including the anesthesiologist who had supervised Kholeif during his "comprehensive assessment" period) and from the other doctors involved in the two cases which gave rise to the complaints. Based on this evidence the board issued a ruling in which it found that Kholeif provided substandard care to his patients. It revoked his license with no right to reapply for ten years, and fined him $1000 for misleading statements made on his license and insurance applications. Kholeif's subsequent petition for judicial review claimed that the May 10 summary suspension was done ex parte and without notice to him, that the board was predisposed against him, and that the decision was without substantial support in the record made before the agency.

At issue on this appeal is the court's response to Kholeif's application for leave to present additional evidence in the judicial review proceedings. Kholeif requested a transcript of the board's closed-session deliberations "preparatory to the ruling denying Petitioner's request to examine on voir dire the Board." The board resisted on three grounds: (1) the transcripts of closed sessions are not part of the record on judicial review; (2) discovery procedures are not available on judicial review of a contested case; and (3) Kholeif was not entitled to probe the mental processes of board members by reviewing closed-session deliberations.

Over the board's objection, the district court ordered a transcript of the record of the board's June 5 closed deliberations. It further ordered that the transcript would be reviewed by the court for evidence of predispositional bias, animus, or preexisting knowledge. It is from this interlocutory ruling that the board now appeals.

■ I. Our review of the district court's order is limited to the correction of errors at law. *Council Bluffs Community Sch. Dist. v. City of Council Bluffs*, 412 N.W.2d 171, 172 (Iowa 1987). This review

for legal error includes challenges to the court's authority to order discovery. *Fisher v. Iowa Bd. of Optometry Examiners*, 478 N.W.2d 609, 611 (Iowa 1991).

II.  The Iowa Administrative Procedure Act prescribes the manner by which issues of alleged agency bias shall be raised:

> A party to a contested case proceeding may file a timely and sufficient affidavit asserting ... personal bias of an individual participating in the making of any proposed or final decision in that case. The agency shall determine the matter as part of the record in the case. When an agency in these circumstances makes such a determination with respect to an agency member, that determination shall be subject to de novo judicial review in any subsequent review proceeding of the case.

Iowa Code § 17A.17(4) (1989). A further section of the act provides that a court reviewing a contested case "shall not itself hear any further evidence." Iowa Code § 17A.19(7). And while a party may seek leave to present evidence "in addition to that found in the record of the case," such evidence must "be taken *before the agency upon conditions determined by the court.*" *Id.* (emphasis added).

The requirement that matters of alleged bias be raised by affidavit has been addressed in two recent opinions. In *Council Bluffs Community School District v. City of Council Bluffs*, a school district charged with age discrimination sought to include as part of the record on judicial review the civil rights commission's deliberations in order to prove its hunch that commission members were predisposed against the school board. 412 N.W.2d at 172. Citing Iowa Code section 17A.12(6) for the proposition that commission members' oral discussions are not part of the contested case record, we held those discussions were not the proper subject of expansion of the record on judicial review. *Id.* at 173. Our analysis noted that the issues of bias, although discussed by the commission, were "neither formally presented by affidavit" in accordance with section 17A.17(4) "nor addressed in the commission's final order."

*Id.* Because the agency had not formally received or considered evidence of bias, nor resolved the issue as part of the contested case record, the district court was without authority to expand the record to include the deliberations or permit the board to depose commission members on their views. *Id.*

In *Fisher v. Iowa Board of Optometry Examiners*, 478 N.W.2d at 611, we affirmed the *Council Bluffs* rule that the only way issues of bias become part of the contested case record is if those issues are "properly presented to the board" for resolution in accordance with section 17A.17(4). We ruled that if the matter were properly raised, the board would be required to render a decision on the issue and *could* make its deliberations part of the record, thus subjecting them to judicial review. *Id.* (emphasis added). We further suggested that a board's refusal to make its deliberations part of the record may subject it to an expansion order in district court, but only if the challenge to the board's decision had been *properly presented.* *Id.*

This emphasis on proper presentation of bias claims lies at the heart of section 17A.17(4)'s affidavit requirement. The requirement is not a mere formality. It rests on the premise that bare allegations and conclusory statements are insufficient to justify a probe of decision makers' mental processes. By requiring that a challenger's objection be reduced to writing and fact-based, a reviewing court is given objective grounds for deciding whether closed-session proceedings should be transcribed and examined. And it furnishes an objective basis on which a reasonable fact finder could be convinced that bias may in fact be at work in the process.

Sound public policy reasons underlie the affidavit requirement and courts' general reluctance to examine closed-session deliberations. As the United States Supreme Court has noted,

> inquiry into the mental processes of administrative decisionmakers is usually to be avoided. And where there are administrative findings that were made at the same time as the decision ... there must

be a strong showing of bad faith or improper behavior before such inquiry may be made.

*Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136, 155–56 (1971). This same concern is echoed in the way we insulate jury-room discussions and jurors' mental processes from second guessing by disappointed litigants. *See Ryan v. Arneson,* 422 N.W.2d 491 (Iowa 1988) (adopting federal rule protecting jury's internal deliberations from examination).

If a litigant can point to objective facts sufficient to convince a reasonable fact finder that bias exists, the court can review the issue, and may expand the record to include closed-session deliberations. *See Fisher,* 478 N.W.2d at 611. Absent objective facts, however, litigants must not be permitted to engage in fishing expeditions into closed-session transcripts. Moreover any challenge grounded in agency bias must be presented by written affidavit; an oral objection like the one made here is statutorily insufficient. Iowa Code § 17A.17(4). On judicial review the court may only examine the affidavit, and determine whether it discloses sufficient reason to expand the record to include the closed-session transcript. The reviewing court should not begin by examining the closed-session discussions to decide if bias is apparent.

Kholeif did not comply with section 17A.17(4)'s affidavit requirement and thus did not set forth sufficient facts to enable the district court to determine whether an examination of the closed-session discussion was warranted. The district court therefore erred in ordering production of the transcript for such an examination. The district court's order is hereby reversed and the case remanded for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**