PANDA ENGINEERING, Appellant,

v.

ENGINEERING AND LAND SURVEYING EXAMINING BOARD of the State of Iowa, Appellee.

No. 99–0448.

Supreme Court of Iowa.

Jan. 18, 2001.

Hugh M. Field of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., for appellant.

Thomas J. Miller, Attorney General, and Pamela D. Griebel, Assistant Attorney General, for appellee.

LARSON, Justice.

The Iowa Engineering and Land Surveying Examining Board (board) found PanDa Engineering to be engaged in the unlicensed practice of engineering in violation of Iowa Code section 542B.27(1)(a) (1997). The district court affirmed that decision on judicial review, and PanDa appealed. We affirm.

## I. *Facts and Prior Proceedings.*

PanDa Engineering, a corporation whose only employee is Larry Dettmer, is in the business of designing "fixtures" used by manufacturers. (Fixtures hold parts firmly in place with proper clearances, so operations such as welding or drilling can be performed on the parts.) Dettmer. graduated from high school, where he received training in vocational shop, science, and mathematics. He completed a four-year, ten-thousand-hour tool and die apprenticeship and later attended college for three years. In college he majored in engineering design but did not get a degree. He worked for an engineering company and then began to work for John

Deere in 1977. After ten years with John Deere, Dettmer founded his own company, now named PanDa Engineering. Rather than constructing the fixtures itself, PanDa acts as a design consultant, using information obtained from its clients who then, using the plans and specifications from PanDa, actually build the fixtures.

The board charged PanDa with the unlicensed practice of engineering. After a contested-case hearing, the board determined PanDa performed professional engineering services for the public within the meaning of Iowa Code section 542B.2(8). PanDa petitioned for judicial review, and the district court affirmed.

## II. *Disposition.*

■ On an appeal from a judgment entered on judicial review of agency action, our review is for correction of errors at law. *Gaffney v. Dep't of Employment Servs.*, 540 N.W.2d 430, 433 (Iowa 1995). If the agency's findings of fact are supported by substantial evidence, those findings are binding on judicial review. Iowa Code § 17A.19(8)(f); *City of Hampton v. Iowa Civil Rights Comm'n*, 554 N.W.2d 532, 536 (Iowa 1996). We accord only limited deference to the agency's interpretation of law, including statutory and agency rule interpretations, but we will give careful consideration to an agency's determination of a question of law in areas of the agency's expertise. *Staceyville Cmty. Nursing Home v. Dep't of Inspections & Appeals*, 528 N.W.2d 557, 559 (Iowa 1995).

■ The issue is whether the evidence in this record supports the board's finding that PanDa had been involved in the "practice of engineering." The statutory definition of that term was expanded considerably in 1995. It now provides in part:

"*Practice of engineering*" as used in this chapter means any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences, such as consultation, investigation, evaluation, planning, design and design coordination of engineering works and systems, planning the use of land and water, performing engineering surveys and studies, and the review of construction for the purpose of monitoring compliance with drawings and specifications, any of which embraces such services or creative work, either public or private, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, projects, and industrial or consumer products or equipment of a mechanical, electrical, hydraulic, pneumatic, or thermal nature, insofar as they involve safeguarding life, health, or property, and including such other professional services as may be necessary to the planning, progress, and completion of the services identified in this paragraph.

Iowa Code § 542B.2(8).

The statute further provides:

A person is construed to be engaged in the practice of engineering if the person does any of the following:

*a.* Practices any branch of the profession of engineering.

*b.* Makes a representation by verbal claim, sign, advertisement, letterhead, card, or other manner that the person is a professional engineer.

*c.* Uses any title which implies that the person is a professional engineer or that the person is certified under this chapter.

*d.* The person holds the person's self out as able to perform, or who does perform, any service or work included in the practice of engineering.

*Id.*

The board made extensive findings of fact, concluding PanDa was practicing engineering under the statute and was therefore required to be licensed. The board noted PanDa used the word "engineering"

in its name, and under Iowa Code section 542B.2(8), this implies it is involved in the practice of engineering. The board heard testimony from two experts. One expert, Mark Iverson, is a licensed industrial engineer with seventeen years experience. The board summarized his testimony:

> In the opinion of Mr. Iverson, Mr. Dettmer is performing engineering work. Adequate fixture design requires special knowledge of mathematics, stresses, and the materials being used. Mr. Dettmer uses algebra, geometry, trigonometry and physics in the design of the fixtures, but is unable to perform more advanced calculations, such as finite element analysis. Mr. Dettmer essentially testified that he makes up for his lack of ability to do precise calculations by over designing the fixtures. However, even though over design is feasible with custom fixtures, Mr. Dettmer still must use basic engineering knowledge and experience to determine what is minimally required for each fixture. In the opinion of Mr. Iverson, this is the practice of engineering. Failure to properly design a fixture can result in property damage to the part being fabricated or to the machine being used. There is also a low probability that the person operating the machinery containing the fixture could be injured.

A second expert, Dr. Jerry Lee Hall, testified for PanDa. Dr. Hall is a professor emeritus in the department of mechanical engineering at Iowa State University. He testified that PanDa does not "generally" do engineering work; persons who design fixtures are usually technicians with technical degrees who have been trained by apprenticeship and work experience. He testified that, because the statutory definition of engineering is so broad, Dettmer could at times be involved in work that falls under that definition.

The board concluded Dettmer violated chapter 542B because his work met the broad definition of Iowa Code section 542B.2(8). The board concluded

the custom fixture design services performed by [PanDa] and offered to the public is creative work which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences. This type of fixture design involves the safeguarding of health and property, since inadequate fixture design can result in damage to the part being fabricated, and, in rare cases, injury to the person operating the machine.

The reasons for the legislature's expansion of the scope of engineering under its 1995 amendment have not been explained. However, the scope of the statute is a matter of public policy and therefore within the province of the legislature. Our only responsibility is to determine if the board's conclusions are supported by substantial evidence, and we conclude they are.

■ PanDa also argues that section 542B.2(8), defining the practice of engineering, is so broad and prolix that it "is incomprehensible to read and it is sufficiently vague that it is impossible for a person to determine what in Iowa constitutes engineering...." The statute, according to PanDa, is void for vagueness and therefore unconstitutional.

We do not address the constitutional argument because PanDa did not raise the issue before the board and has therefore waived it. *See Fisher v. Iowa Bd. of Optometry Exam'rs*, 478 N.W.2d 609, 612 (Iowa 1991).

**AFFIRMED.**