In re William J. WILKINSON, Sandra Faye Wilkinson, Debtors.

Bankruptcy No. 93–24171–T.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Dec. 23, 1994.

Glenn R. Tankersley, Regency Legal Clinic, Virginia Beach, VA, for debtors.

E. Leslie Cox, Cox & Cox, Virginia Beach, VA, for creditor.

David R. Levin, Chapter 13 Trustee, Portsmouth, VA.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on September 29, 1994, on debtors' objection to a proof of claim filed by creditor who had obtained a deed in lieu of foreclosure on certain property in partial satisfaction of a promissory note secured by a deed of trust on the property. Debtors allege that creditor's execution of this deed in lieu of foreclosure "constitutes a full release of the creditor's claim against debtor," and therefore, the creditor's proof of claim is invalid. The court took the matter under advisement. For reasons stated in this memorandum opinion, debtors' objection to creditor's proof of claim is overruled, and creditor's claim will be allowed in the amount of $15,792.12 as an unsecured claim.

### Findings of Fact [1]

On May 10, 1991, debtors William J. Wilkinson and Sandra Wilkinson executed a promissory note secured by real estate known as 2636 Vincent Avenue, Norfolk, Virginia. The promissory note is held by E. Leslie Cox, Special Commissioner for William F. Durham, Jr., deceased. The sole heirs of William F. Durham, Jr., are Virginia D. Morris of Virginia Beach, Virginia, and Mildred Byrd of Pensacola, Florida.

On August 16, 1993, debtors filed a Chapter 13 bankruptcy petition. On November 17, 1993, debtors executed the deed in lieu of foreclosure conveying the property at 2636 Vincent Avenue, Norfolk, Virginia, to creditor "in partial satisfaction of the [promissory] note secured by the above-mentioned deed of trust." On May 20, 1994, creditor filed its proof of claim in the amount of $15,792.12 for the deficiency on the debt. On July 29, 1994, debtors filed an objection to the claim on the grounds that their obligation to repay creditor was fully satisfied upon execution of the above-mentioned deed in lieu of foreclosure.

### Discussion and Conclusions of Law

■ Under Bankruptcy Rule 3001(f) and 11 U.S.C. § 502(a), a proof of claim constitutes prima facie evidence of the validity of a claim. An objection must overcome the prima facie validity of a claim to shift the ultimate burden of production to the creditor who filed the claim. *In re Tidewater Memorial Hosp., Inc.*, 106 B.R. 885, 888–89 (Bankr. E.D.Va.1989). The mere filing of an objection does not satisfy this requirement. *C–4 Media Cable South, L.P., v. Reds T.V. and Cable, Inc. (In re C–4 Media Cable South, L.P.)*, 150 B.R. 374, 376–77 (Bankr.E.D.Va. 1992). Furthermore, a litigant who fails to support a point with appropriate authority or fails to show why the point is sound despite a lack of supporting authority loses the point. *Karras v. Hansen (In re John Karras)*, 165 B.R. 636, 637 (N.D.Ill.1994).

Debtors have failed to offer evidence to overcome the prima facie validity of creditor's claim, and have further failed to support their position with any pertinent authority. Therefore, they have not sufficiently met their burden of proof to shift the burden of production to the creditor.

■ A lien may be partially released if properly recorded. *See* Va.Code Ann. § 55–66.4 (Michie 1986). The code provides an example of an acceptable release certificate form which describes the requisite elements to be included in a release. This form does not require any description of the property to be released in partial satisfaction. *See* Va. Code Ann. § 55–66.4:1 (Michie Supp.1994).

■ Although the court could not find any cases directly on point, under similar Virginia code sections, analogous property cases have afforded protection only to creditors. *See Ameribanc Sav. Banks, F.S.B. v. Resolution Trust Corp.*, 858 F.Supp. 576, 582 (E.D.Va. 1994). Under section 55–96 of the Virginia Code, contracts affecting title to real estate should be properly recorded to protect interested parties from losing priority to subsequent purchasers. *See* Va.Code Ann. § 55–96 (Michie Supp.1994). In other words, the code requires owners or holders of an interest in property to disclose this interest.

In *Ameribanc Savings Banks*, the court analyzed the import of this provision on par-

---

1. The findings of fact are made solely for disposition of the Objection to the Proof of Claim and are not binding on the parties in future proceedings.

tial releases of liens. The court noted that this provision and *others like it* were designed to protect creditors against misreading a deceptive appearance of ownership, such as when a debtor retains possession of property after title has passed to another party. *Ameribanc*, 858 F.Supp. at 582 (citing *Graves Constr. Co. v. Rockingham Nat'l Bank*, 220 Va. 844, 263 S.E.2d 408, 413 (1980)) (emphasis added). While this case is not directly on point here, it does demonstrate that the notice statutes were designed to benefit creditors and subsequent purchasers.

The Wilkinsons, debtors, executed the deed in lieu of foreclosure. Debtors allege that this released all of their liability under the loan. However, the court reads statutes such as Va.Code Ann. § 55–66.4 as protection for creditors and not as a shield behind which debtors may hide. Furthermore, had debtors desired to release personal liability, they should have stated so as consideration in a settlement agreement or in the deed. *See* John C. Murray, *Deeds in Lieu of Foreclosure: Practical and Legal Considerations*, 26 Real Prop.Prob. & Tr.J. 456 (Fall 1991). Because the debtors were not specifically released from personal liability, they remain liable for the deficiency suffered by the creditor when the property was later sold. *Id.*

Because the court finds that debtors have failed to rebut the presumption of validity of creditor's proof of claim, the claim will be allowed as an unsecured claim in the amount of $15,792.12.

A separate order will be entered.