**NASH FINCH COMPANY, Plaintiff,**

v.

**COREY DEVELOPMENT, LTD. and Crystal/Taft L.L.C., Defendants.**

**No. 02–1387.**

Supreme Court of Iowa.

Sept. 4, 2003.

Mark A. Roberts and Lynn Wickham Hartman of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for plaintiff.

M. Wayne Oltrogge of Oltrogge Law Office, P.C., Clear Lake, for defendants.

STREIT, Justice.

The United States District Court for the Southern District of Iowa has certified one question of law to be answered by this court as provided in Iowa Code sections 684A.1 and 684A.3 (2001) and Iowa Rule of Appellate Procedure 6.451. The federal court stated this question involves the application of Iowa law in a pending federal action in which the claimant asserts a right to seek a deficiency judgment after filing a deed in lieu of foreclosure pursuant to a forbearance agreement. The certified question is as follows:

> Under the specific facts of this case, should a creditor be permitted to take a deed in lieu of foreclosure pursuant to a forbearance agreement, file the deed upon a breach of the agreement, and then pursue a deficiency judgment between the total debt and the value of the foreclosed property?

In answering the question submitted, we conclude as a matter of law a mortgagee/creditor may seek further remedy against the defaulting debtor after filing a deed in lieu of foreclosure in partial satisfaction of a debt. However, under the limited facts and circumstances of this case

on partial summary judgment, we are unable to determine the extent of the satisfaction to be derived from the filing of the deed. This issue will have to be determined by a trial court.

## I. Background and Facts

Corey Development, Ltd. executed an $875,000 promissory note payment to Nash Finch in 1997. The note was secured by a mortgage. Under the terms of the note, Corey agreed not to convey the mortgaged property without the prior written consent of Nash Finch. Corey later transferred the mortgaged property to Crystal/Taft L.L.C. without Nash Finch's prior consent. Corey defaulted on its payments under the note. Corey, Crystal/Taft, and Nash Finch entered into a "forbearance agreement." Nash Finch agreed to refrain from exercising its rights under the note until September 30, 2000, in exchange for a deed in lieu of foreclosure "in partial satisfaction of the note." The parties agreed if Corey did not pay the note in full by September 30, Nash Finch could file the deed in lieu of foreclosure and take other action as set forth in the parties' agreement. If Corey paid the note in full prior to the end of the forbearance period, Nash Finch would return the deed in lieu of foreclosure to Corey.

September 30 passed and Corey did not make payment in full. Nash Finch immediately filed the warranty deed. At the time, Nash Finch obtained an appraisal of the property of $529,000.[1] The amount due on the note was over $800,000. Nash Finch filed suit in federal court against Corey and Crystal/Taft for nonpayment

under the forbearance agreement and for Corey's actions that resulted in the diminished value of the property. Nash Finch sought partial summary judgment on its claim for nonpayment under the forbearance agreement. The defendants resisted, arguing when Nash Finch filed the warranty deed it elected to proceed with alternative nonjudicial voluntary foreclosure under Iowa Code section 654.18 (1999) and, under the terms of the statute, Nash Finch waived any right to a deficiency.

The judge rejected the defendants' argument and concluded this was not a nonjudicial voluntary foreclosure subject to section 654.18. The judge then examined Iowa law to determine when a conveyance of a deed is an actual conveyance of title and when it is only additional security for payment of a debt. The judge concluded the deed in lieu of foreclosure in this case was intended as further security for the payment of Corey's note and should be treated as an equitable mortgage.[2]

The federal judge next addressed whether, under the circumstances of this case, the parties should be allowed "to contract around existing Iowa case law and the statutory framework for real estate foreclosures," such that Nash Finch could file the deed in lieu of foreclosure, obtain clear title to the property, and pursue a deficiency judgment against Corey. The judge observed that, "[a]s a matter of equity, it would appear that a creditor should not, under the framework of Iowa law, be able to take a deed in lieu of foreclosure and proceed to enforce a deficiency judgment." However, the judge also noted the

---

1. Nash Finch's appraiser assigned a value to the mortgaged property. There is no evidence showing Corey conducted a separate appraisal.

2. We are uncertain of the ramifications or correctness of the court's determination of

this issue. The parties' forbearance agreement explicitly states the "deed in lieu of foreclosure is an *absolute conveyance* of [Corey's] rights, title and interest in and to the mortgaged property." (Emphasis added.)

creditor in this case, Nash Finch, had done "more than simply take a deed in lieu from the debtor, file it, and sue for a deficiency." Nash Finch agreed to refrain from exercising its rights under the note for at least six months in exchange for the right to file the deed in lieu and specifically retained its other rights under the note. The judge suggested that by giving Corey a "redemption period" in advance of filing the deed in lieu, Nash Finch had satisfied the concerns of equity, particularly because Corey had no equity in the property.

The judge ultimately concluded it was appropriate to certify the following question to this court:

Under the specific facts of this case, should a creditor be permitted to take a deed in lieu of foreclosure pursuant to a forbearance agreement, file the deed upon a breach of the agreement, and then pursue a deficiency judgment between the total debt and the value of the foreclosed property?

Nash Finch argues it is legally entitled to pursue a deficiency judgment under the terms of the parties' forbearance agreement. Corey argues we should hold those portions of the forbearance agreement that purport to allow Nash Finch to recover a deficiency judgment after accepting the deed in lieu of foreclosure as unenforceable under Iowa law.

## II. Terms of the Note and Forbearance Agreement

The note provided "the entire remaining principal balance plus accrued interest shall become due and payable in full upon the occurrence" of a default. Corey defaulted on its payment obligations under the note. Rather than enforce its rights under the note, Nash Finch entered into a forbearance agreement with Corey. Nash Finch agreed to forbear from exercising its rights under the note until September 30,

2000, in exchange for a deed in lieu of foreclosure *"in partial satisfaction of the Note."* (Emphasis added.) The forbearance agreement provided:

[Corey] has requested that Nash Finch forbear for a period of time from the exercise of rights under the note and mortgage. Nash Finch, acting in good faith, has agreed to forbear in exchange for the issuance of a deed in lieu of foreclosure in partial satisfaction of the note.... Nash Finch *reserves its rights under the note* and/or mortgage in the event any of the terms and conditions of this agreement are not fully satisfied.

(Emphasis added.) Pursuant to the terms of the forbearance agreement, Corey and Crystal/Taft gave Nash Finch a warranty deed to the property which Nash Finch agreed to hold and refrain from filing until the end of the forbearance period. When Corey had not paid its debt on the note by September 30, Nash Finch filed the deed in lieu of foreclosure as provided by the forbearance agreement. The real issue before us is whether Corey's debt on the underlying note was completely extinguished or rather only partially satisfied when Nash Finch filed the deed in lieu of foreclosure.

## III. Analysis

Corey does not dispute the conclusion it defaulted under the note. At the time of Corey's later default on the forbearance agreement, Corey argued Nash Finch had only two options for remedy: (1) foreclose under chapter 654 or (2) file the deed in lieu of foreclosure under section 654.18. Corey argued Nash Finch, by filing the deed in lieu, elected to proceed under section 654.18 and thereby waived its right to a deficiency. *See* Iowa Code § 654.18(1)(*b*). The judge disagreed with Corey and concluded in filing the deed in lieu, Nash Finch had not effectively pur-

sued alternative nonjudicial voluntary foreclosure under section 654.18. Consistent with the judge's conclusion, we will not analyze this certified question under the procedures outlined in section 654.18.[3] Similarly, because Nash Finch has not proceeded with a judicial foreclosure, chapter 654 generally does not apply to this case. The parties' agreement alone controls the outcome.

■ Parties may agree, either explicitly or implicitly, to substitute a new agreement discharging original obligations. *See generally* James L. Buchwalter, Annotation, *Conveyance or Surrender of Property as an Accord and Satisfaction of Contract Obligation,* 59 A.L.R.5th 665 (1998). The intention of the parties controls whether the underlying obligation is forgiven upon the execution of the parties' new agreement. *Id.* at 675. Words in the new agreement may indicate the parties' intention that the obligation existing under the original contract is forgiven. The "intent of the parties is ordinarily a question of fact, but may be decided as a question of law if the evidence on intent is not in conflict." *Id.* at 680 (citing *Rosenberg v. Lincoln Fed. Sav. & Loan Ass'n,* 219 Neb. 689, 365 N.W.2d 809, 811 (1985)). We now turn to the language of the forbearance agreement to determine whether Corey's debt under the note was extinguished upon Nash Finch's filing of the deed in lieu of foreclosure.

■ The clear and unambiguous language of the forbearance agreement indicates Nash Finch did not exhaust its remedies for default in filing the deed in lieu of foreclosure. The agreement was clear it was intended only as *"partial* satisfaction of the note." (Emphasis added.) The parties' intent is made more clear as the agreement said "Nash Finch *reserves its right to exercise its rights under the note* and/or mortgage in the event any of the terms and conditions of [the forbearance agreement] are not fully satisfied." (Emphasis added.) When Corey defaulted on the note, Nash Finch was contractually entitled to the remedies provided for in the note. The forbearance agreement stated,

> **Remedies.** At maturity, whether at the stated time or prior thereto by the acceleration of maturity granted herein, [Nash Finch] in addition to any other remedies provided for herein or at law or in equity, including proceeding with non-judicial voluntary foreclosure in accordance with Iowa law section 654.18, shall have the right to foreclose this mortgage by judicial proceeding. . . .

That is, the parties did not agree that by filing the deed in lieu of foreclosure, Corey's original debt on the note was extinguished. In fact, Nash Finch's right to pursue further remedies was protected by the words of the forbearance agreement. This language is not subject to interpretation because it is clear on its face. Corey explicitly agreed to allow Nash Finch to pursue other remedies in the event of a default.

■ Nash Finch seeks to pursue a deficiency judgment. Nothing in chapter 654

---

**3.** Chapter 654 applies strictly to foreclosure of real estate mortgages. Section 654.1 provides: "Except as provided in section 654.18, a deed of trust or mortgage of real estate shall not be foreclosed in any other manner than by action in court by equitable proceedings." Iowa Code § 654.1. Section 654.18 outlines the procedure for "alternative nonjudicial voluntary foreclosure." *Id.* § 654.18. Under this statute, the mortgagor conveys to the mortgagee all interest in the mortgaged property and the mortgagee accepts the conveyance and waives any right to a deficiency. *See id.* In the case before us, Nash Finch has not elected to pursue foreclosure but rather is proceeding with an action for nonpayment under the forbearance agreement.

prevents parties from contracting for remedies other than foreclosure as provided in chapter 654. No statute prevents a party from securing a contractual right to file a deed in lieu of foreclosure in partial satisfaction of a debt.[4] Corey relies upon Iowa Code section 654.1 for the assertion that the parties may not avoid the provisions of chapter 654. However, the section provides, "Except as provided in section 654.18, a deed of trust or mortgage of real estate shall not be foreclosed in any other manner than by action in court by equitable proceedings." Iowa Code § 654.1. That is, this statute merely restricts foreclosure remedies to those within the court's equity. The statute does not apply to the case before us because Nash Finch is not seeking foreclosure. Further, section 654.1 does not prohibit other remedies for dealing with a breach of contract. Corey has cited no statute preventing a party from pursuing a further remedy when the agreement made clear the action taken was only in *partial* satisfaction of the underlying debt. We conclude as a matter of law, a party may pursue further remedies after filing a deed in lieu of foreclosure in partial satisfaction of a debt.[5] The extent of satisfaction to be derived from the filing of the deed remains for determination.

In sum, the parties entered into the forbearance agreement that provided if Corey defaulted on its note payments, Nash Finch could file the deed in lieu of foreclosure. The new agreement also provided the deed in lieu of foreclosure was intended only as a *"partial* satisfaction" of the debt. Further, Nash Finch reserved its rights under the original note. After Corey defaulted and Nash Finch filed the deed in lieu, Corey's debt on the underlying note was only partially extinguished. No law in Iowa precludes a creditor from contracting for a deed in lieu of foreclosure in partial satisfaction of a debt, filing the deed upon default, and then seeking further recovery. We cannot conclude as a matter of law the extent of satisfaction to be derived from the filing of the deed in this case. This issue will have to be determined by a trial court.

A copy of this opinion under seal of the court shall be transmitted to the certifying federal court. *See id.* § 684A.7.

**CERTIFIED QUESTION ANSWERED.**

---

**4.** Iowa Code chapter 654 does not address deeds in lieu of foreclosure in the context of non-agricultural land. However, section 654.19 provides, as to agricultural land:

In lieu of a foreclosure action in court due to default on a recorded mortgage or deed of trust of real property, if the subject property is agricultural land used for farming ... the mortgagee and mortgagor may enter into an agreement in which the mortgagor agrees to transfer the agricultural land to the mortgagee *in satisfaction of all or part of the mortgage obligation* as agreed upon by the parties. The agreement may grant the mortgagor a right to purchase the agricultural land for a period not to exceed five years, and may entitle the mortgagor to lease the agricultural land. The agreement

shall be recorded with the deed transferring to the mortgagee. A transfer of title and agreement pursuant to this section does not constitute an equitable mortgage.

Iowa Code § 654.19 (1999) (emphasis added).

**5.** When addressing similar issues, several jurisdictions, including Iowa, have found the creditor is entitled to other remedies for default despite its execution of a deed in lieu of foreclosure in partial satisfaction of a debt. *See, e.g., In re Wilkinson,* 175 B.R. 627 (Bkrtcy.E.D.Va.1994) (court allowed creditor to seek deficiency judgment); *Conrad Bros. v. John Deere Ins. Co.,* 640 N.W.2d 231 (Iowa 2001) (court ruled creditor is entitled to insurance proceeds despite deed in lieu of foreclosure).