Craig J. JENSEN, Appellant,

v.

James A. SATTLER and Julie
M. Sattler, Appellees.

No. 03–1251.

Supreme Court of Iowa.

April 29, 2005.

Rehearing Denied June 1, 2005.

Stephen J. Holtman, Leonard T. Strand, and Jason M. Steffens of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellant.

Sean W. McPartland of Lynch Dallas, P.C., Cedar Rapids, for appellees.

STREIT, Justice.

Three years after a Cedar Rapids couple sold a man their mansion with its "touch of Beverly Hills," it turned into a money pit. The buyer sued the couple for misrepresentation and a violation of Iowa's Real Estate Disclosure Act. The district court ruled he had to prove fraud to recover and consolidated his claims. The court also dismissed one of the sellers from the suit because she did not sign a disclosure form. The buyer lost what remained of his case, which was tried to a jury. We reverse in part and remand for a trial on the claims the court prematurely dismissed.

## I. Facts and Prior Proceedings

In December 1997, James and Julie Sattler sold their home to Craig Jensen for $660,000. The Sattlers had lived in the home since 1993. James Sattler owned Jim Sattler Construction Company, Inc., which built the house in 1992.

When James Sattler first showed Jensen the house, he handed Jensen a brochure that attested to the high quality of Sattler homes. The brochure characterized Sattler as a "hands-on" supervisor who was "on the job-site all the time." The house was featured in the local Parade of Homes and touted as "an elegant 'touch of Beverly Hills' right here in Cedar Rapids!" It is a large executive home with over 8000 square feet of living space.

Prior to closing, the Sattlers gave Jensen a real estate disclosure form. *See* Iowa Code § 558A.2 (1997) (requiring transferors of real estate to provide buyers a written disclosure statement). James Sattler signed the form but Julie Sattler did not. Two problems were disclosed: (1) a crack in the front wall that caused water to leak into the basement "ONE TIME ONLY!" and (2) a faulty master shower valve. Neither problem dissuaded Jensen from buying the home. Jensen moved in and for three years did not have any problems, except for an intermittent inability to adequately cool the upper level of the house.

In 2001, Jensen claimed he discovered problems with (1) the roof and attic, (2) electrical wiring in the foyer, and (3) improper drainage around the foundation. Trouble began on New Year's Day when Jensen found water streaming down the interior walls of the home. Inadequate attic ventilation had caused large ice dams to form on the roof. Water backed up behind the dams and seeped through the roof into the attic and down the inside of the house. Extensive damage resulted.

While repairing the water damage, Jensen found an electrical problem in the foyer. Jensen discovered sixty light bulb sockets in the foyer lighting were empty. Workers filled all the sockets with bulbs, but the electrical wiring proved insufficient, overloaded, and melted.

Lastly, Jensen had problems with the crack in the basement which the Sattlers had disclosed. The crack widened and water seeped into the basement. Jensen excavated around the crack and found the drainage tile around the foundation was clogged with dirt. The tile was only three inches in diameter and not surrounded by gravel. Jensen also claimed dirt was backfilled too high around the house.

Jensen sued the Sattlers on a common law and a statutory basis. Jensen's pleadings show three distinct common law claims: fraudulent misrepresentation, fraudulent nondisclosure, and negligent misrepresentation. Jensen also argued the Sattlers failed to disclose defects pursuant to Iowa Code chapter 558A.

The Sattlers filed a motion for summary judgment. The district court granted most of the motion. First, the district court dismissed all claims against Julie Sattler because she did not (1) make any affirmative representations to Jensen about the house or (2) sign the disclosure statement. Second, the district court dismissed Jensen's claims "as to any negligent misrepresentation claim against [James Sattler]" but overruled the motion "as to any claim of fraudulent misrepresentation or Chapter 558A violation by [James Sattler]." The court held "proof of the violation of the standards set out in Chapter 558A" was required to recover and later gave the jury an instruction that blended the common law and statutory claims into one common law claim of fraudulent nondisclosure.[1] The jury found in favor of Sattler. Jensen appealed.

## II. Motion on Appeal

Before reaching the merits of the appeal, we must rule upon one outstanding

---

1. Instruction # 14 provided:

The Plaintiff must prove all of the following propositions by a preponderance of clear, satisfactory, and convincing evidence.

1. Special circumstances existed which gave rise to a duty of disclosure between the Plaintiff and the Defendant. The Defendant was a seller or transferor of real estate and owed a duty of disclosure pursuant to Iowa Code chapter 558A.

2. While such relationship existed, the Defendant was aware of the following facts: There were material defects with the roof, and/or the ventilation in the attic, and/or the tiling around the foundation, and/or the dome lighting.

3. While such relationship existed, the Defendant concealed or failed to disclose that there were material defects with the roof, and/or the ventilation in the attic, and/or the tiling around the foundation, and/or the dome lighting.

4. The undisclosed information was material to the transaction.

5. The Defendant knowingly failed to make the disclosure.

6. The Defendant intended to deceive the Plaintiff by withholding such information.

7. The Plaintiff acted in reliance upon the Defendant's failure to disclose and was justified in such reliance.

8. The failure to disclose was a proximate cause of the Plaintiff's damage.

9. The nature and extent of the Plaintiff's damage.

motion. This past June, the Sattlers filed a notice of additional authority. *See* Iowa R.App. P. 6.21. In their notice, the Sattlers directed our attention to a new case and discussed how it supported their arguments on appeal.

Jensen moved to strike the argumentative portions of the Sattlers' notice of additional authority. Jensen claimed a party may not use such a notice to interject additional written argument into an appeal. We grant Jensen's motion to strike.

## III. The Merits

 Jensen claims the district court erred when it (1) held proof of fraud was required for a buyer to recover under the Iowa Real Estate Disclosure Act; (2) consolidated Jensen's common law and statutory claims; (3) granted summary judgment in favor of Julie Sattler; and (4) erroneously excluded certain evidence from trial. The first three issues in this case involve issues of statutory interpretation, and therefore our standard of review is for errors at law. *In re Detention of Willis*, 691 N.W.2d 726, 728 (Iowa 2005). We review the evidentiary claims for an abuse of discretion. *In re Detention of Palmer*, 691 N.W.2d 413, 416 (Iowa 2005).

### A. Does Iowa Code Section 558A.6(1) Require Proof of Fraud?

Iowa Code chapter 558A is Iowa's Real Estate Disclosure Act. It requires persons interested in transferring real estate to deliver a written disclosure statement to prospective buyers. Iowa Code § 558A.2. The disclosure statement must include certain information about the "condition and important characteristics and structures on the property" as provided in rules adopted by the real estate commission. *Id.* § 558A.4(1); *see, e.g.,* Iowa Admin. Code r. 193E–14.1(6) (setting forth sample disclosure statement). A person who violates the Act's disclosure requirement is ordinarily liable for the amount of actual damage the buyer suffers. *Id.* § 558A.6. That said, the Act states

> [t]he transferor ... shall not be liable for [any] error, inaccuracy, or omission in information required in a disclosure statement, unless that person has actual knowledge of the inaccuracy, *or fails to exercise ordinary care in obtaining the information.*

*Id.* § 558A.6(1) (emphasis added).

Jensen argues the plain language of the above-italicized portion of the statute permits a buyer to recover upon a showing the transferor did not exercise ordinary care in obtaining the information required to be disclosed. He contends this standard is something less than fraud. The Sattlers maintain Jensen did not preserve error. In the alternative, they claim the district court correctly interpreted the statute.

### 1. Error Preservation

 We find no merit in the Sattlers' error preservation claim. Jensen alleged a violation of the statute in his petition. The Sattlers filed a motion for summary judgment and a reply brief in which they repeatedly insisted Jensen had to prove fraud to recover under the statute. It is true the summary judgment record is not a model of clarity. Jensen generally resisted summary judgment, however, and in hindsight it is plain the district court's ruling barred Jensen from introducing evidence to show the Sattlers did not exercise ordinary care in obtaining the information to disclose on the form. Jensen preserved error. *See State v. Miller*, 229 N.W.2d 762, 768 (Iowa 1975) (if a trial court's ruling is dispositive on the issue of admissibility, it is considered final for purposes of appeal and no further objection is necessary).

That Jensen preserved error is apparent from other pretrial filings. The Sattlers filed a motion in limine in which they contended the statute required a showing of fraud. They argued "[v]erbal references to a negligence standard would be highly prejudicial, misleading, and confusing to the jury" and requested Jensen, his counsel, and the plaintiff's witnesses be "admonished" not to make any such statements.[2] In a contemporaneously filed pretrial statement Jensen argued the Sattlers

> can be liable for failure to make accurate disclosures not only for actual knowledge that the conditions exist but also for failing to "exercise ordinary care in obtaining the information." 558A.6(1).

The district court granted the Sattlers' motion and forbade Jensen from arguing a negligence standard at trial. Error was clearly preserved. See Miller, 229 N.W.2d at 768; see also State v. Wells, 629 N.W.2d 346, 355 (Iowa 2001) (pointing out our concern is what the ruling of the trial court does or purports to do, not the title of the motion or the prayer). Jensen was not required to file a posttrial motion to preserve error as the Sattlers suggest. See Miller, 229 N.W.2d at 768; see also Explore Info. Servs. v. Iowa Ct. Info. Sys., 636 N.W.2d 50, 57 (Iowa 2001) (holding "it is necessary to preserve error [with a rule 1.904(2)] motion only when the district court fails to resolve an issue ... properly submitted for adjudication" (emphasis in original)).

### 2. Exercising Ordinary Care in Obtaining the Information

Jensen argues the plain language of Iowa Code section 558A.6(1) permits a buyer of real estate to recover for damages even if the buyer is unable to prove fraud or that the seller had actual knowledge of the error, inaccuracy, or omission in the disclosure form. Jensen points to the "exercise ordinary care in obtaining the information" language in the statute, and argues this provision is intended to create a cause of action for negligence. Cf. Knapp v. Simmons, 345 N.W.2d 118, 124 (Iowa 1984) (equating "ordinary care" with "reasonable care"). The Sattlers argue the "ordinary care" language is not synonymous with a negligence standard. They contend that if we were to rule against them a parade of horribles would ensue, permitting buyers to sue sellers whenever they failed to exercise ordinary care in obtaining the information on the disclosure form. They also argue it would be absurd because no one would ever need to prove actual knowledge. In the alternative, the Sattlers claim Iowa Code section 558A.6(1) is intended to apply only to absentee owners so they will make a reasonable investigation into the property they own, not sellers like the Sattlers who had lived in the home for years and had complete knowledge of it.

We must read the statute as it is written. See Gannon v. Bd. of Regents, 692 N.W.2d 31, 43 (Iowa 2005); see also Iowa R.App. P. 6.14(6)(m) (noting it is well established that we find intent in what the legislature said, not what it might have said). The Sattlers' policy arguments are of little help in this case. The scope of the statute is a matter of public policy and therefore within the province of the legislature. PanDa Eng'g v. Eng'g & Land

---

**2.** At oral argument on the motion in limine, the Sattlers argued:

> The question of whether or not there might be ... any discussion in front of the jury about anything other than a fraud standard ... is ... addressed by the Court's ruling on the motion for summary judgment.... We would certainly want to avoid [plaintiff's] counsel urg[ing] in opening any sort of negligence standard, but I don't think that's really a problem anymore with the summary judgment motion.

*Surveying Examining Bd.*, 621 N.W.2d 196, 199 (Iowa 2001).

The plain and unambiguous language of the statute clearly indicates a seller can be liable for something less than a knowingly inaccurate disclosure, i.e., if the seller "fails to exercise ordinary care in obtaining the information" to be put on the disclosure form. The Act places a limited affirmative duty upon sellers insofar as they must "exercise ordinary care in obtaining the information." Iowa Code § 558A.6(1); *see also* Leonard A. Bernstein & George F. Magera, *Seller Disclosure Laws Gain Popularity*, 9 Loy. Consumer L. Rep. 43, 49 n. 57 (1997) (including Iowa's statute among those requiring "at least some affirmative investigation"). There is nothing in the statute indicating this duty is limited to absentee owners as the Sattlers suggest. For example, one question on the disclosure form is "Do you know the zoning classification of the property?" Iowa Admin. Code r. 193E–14.1(6). A seller must exercise ordinary care in obtaining this information whether or not the seller lives on the property. This interpretation of the statute is in harmony with the Act's insistence that "[a]ll information required by this section and rules adopted by the [real estate] commission shall be disclosed in good faith." Iowa Code § 558A.3(1). Section 558A.3(1) states that good faith includes "a reasonable effort ... to ascertain the information." *See also id.* § 558A.3(2)(*b*) (using failure to exercise ordinary care language after discussion of good faith duty to amend disclosure statement).

### 3. *Sedgwick*

It is true in *Sedgwick v. Bowers* we stated the "court of appeals has held that [the elements of fraud] are required for recovery under an action based on chapter 558A, and we agree." 681 N.W.2d 607, 611 (Iowa 2004) (citing *Arthur v. Brick*, 565 N.W.2d 623, 625–26 (Iowa Ct.App. 1997)). On further examination, we find this statement was inaccurate. In *Arthur*, the court of appeals was adjudicating a common law fraudulent misrepresentation claim, not a chapter 558A statutory nondisclosure claim. 565 N.W.2d at 625. In any event, *Sedgwick* is distinguishable from the case at bar because the plaintiff in that case apparently did not bring a claim under the ordinary care prong of the statute. 681 N.W.2d at 612 (holding that the district court's finding that seller had not "misrepresented" condition of property was not supported by substantial evidence). *Sedgwick* thus did not squarely address the issue presented here. Therefore our broad language in that case, even if it were valid, is not controlling. *See Sager v. Farm Bureau Mut. Ins. Co.*, 680 N.W.2d 8, 14 (Iowa 2004).

### 4. Disposition

In sum, we hold the district court erred when it held proof of fraud was required for a buyer to recover under the Iowa Real Estate Disclosure Act. It is sufficient if the buyer shows the seller failed to exercise ordinary care in obtaining the information sought on the form. Iowa Code 558A.6(1). The complexity of *this* case, of course, is that one of the sellers was intimately involved in the construction of the home. We reverse and remand for a trial on Jensen's chapter 558A claim.

### B. Was Consolidation of Jensen's Common Law and Statutory Claims Proper?

Because the district court held a buyer must prove fraud on the part of the seller to recover under the Act, it consolidated Jensen's common law and statutory claims into one claim for fraudulent nondisclosure. This was also error. The

causes of action are distinct and not subject to consolidation.

■ Iowa Code section 558A.6 only requires the plaintiff to show *actual knowledge* of a problem that was required to be disclosed, not the elements of fraud. To the extent *Sedgwick* holds to the contrary, we overrule it. The causes of action have different elements. *Compare* Iowa Code § 558A.6(1) (requiring proof of "actual knowledge" or "failure to exercise ordinary care in obtaining the information"), *with Robinson v. Perpetual Servs. Corp.*, 412 N.W.2d 562, 565 (Iowa 1987) (setting forth the seven elements for recovery in a fraud action). The plaintiff also carries a greater burden of proof on a fraud claim. *See Robinson*, 412 N.W.2d at 565 (pointing out proof by a mere preponderance of the evidence not sufficient in fraud action). In addition, the Act explicitly states it "shall not limit or abridge any ... liability for disclosure created by another provision of law." Iowa Code § 558A.7. For all these reasons, we implicitly recognized the independent nature of chapter 558A and common law claims in a prior case. *See Peterson v. Bottomley*, 582 N.W.2d 187, 189 (Iowa 1998) (holding district court erred when it ruled on chapter 558A claim when plaintiff only pled a common law theory).

In sum, the district court should have permitted Jensen to independently pursue his common law and statutory claims, and it erred when it ruled otherwise. A jury could have found Jensen established a violation of the statute, even if he did not prove his common law fraud claim. We reverse and remand for a new trial on both the actual knowledge and the failure to exercise ordinary care prongs of Jensen's statutory claim.

■ Because Jensen does not contend the district court's instruction erroneously characterized his common law fraud claims, however, to that extent we let the jury's decision stand. We also affirm the district court's dismissal of Jensen's common law negligent misrepresentation claim, albeit apparently for a different reason than the district court. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002) (holding supreme court may affirm on an alternate ground so long as it was urged in the district court). In the district court, the Sattlers argued Jensen's negligent misrepresentation claim should be dismissed because he had made no showing the Sattlers owed him a duty of care. We agree. The Sattlers were not in the business or profession of supplying information to Jensen; this was an arms-length and adversarial transaction. Absent a special relationship giving rise to a duty of care, a plaintiff cannot establish negligent misrepresentation. *See, e.g., Sain v. Cedar Rapids Cmty. Sch. Dist.*, 626 N.W.2d 115, 124 (Iowa 2001); *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 227 (Iowa 1998); *Fry v. Mount*, 554 N.W.2d 263, 265–66 (Iowa 1996); *cf. Madren v. Super Valu, Inc.*, 183 F.Supp.2d 1138, 1143–44 (S.D.Iowa 2002) (applying Iowa law).

## C. Mrs. Sattler

■ The district court dismissed Julie Sattler from the suit altogether. The court did so because she did not sign the disclosure form and there was no evidence she made any affirmative representations to Jensen. Jensen challenges dismissal of his statutory claim against Mrs. Sattler. He does not appeal dismissal of the common law claims with respect to her.

The disclosure requirements of Iowa Code chapter 558A apply to all prospective transferors of real estate. *See* Iowa Code §§ 558A.2, .6(1). The Act states "[a] person interested in transferring real property ... shall deliver a written disclosure statement to a person interested in being transferred the real property." *Id.* § 558A.2(1). Elsewhere the Act defines a

transferor as "a person who is transferring real property as provided in an instrument containing the power to transfer real estate." *Id.* § 558A.1(6). Julie Sattler owned the house with her husband and was plainly a transferor under the Act. Therefore she was obligated to provide a written disclosure statement to Jensen.

 The district court ruled that because Julie Sattler did not sign the disclosure form, she was not liable under chapter 558A for any defects in the property. Neither the Act nor the administrative rules, however, provides an exception from liability for transferors who do not sign their disclosure statements. Were either to do so, of course, no transferor would ever sign a disclosure statement, and thus the manifest purpose of the Act would be defeated. Simply because Julie Sattler did not sign the disclosure form should not allow her to escape liability.

The parties do not contest that James Sattler provided Jensen with a disclosure form. Julie Sattler thereby complied with the Act's mandate to provide the buyer a written disclosure statement. *See* Iowa Code § 558A.2(1) (requiring all transferors to provide a disclosure statement). That said, she may yet be liable if Jensen can show she violated the disclosure provisions of the Act. She remains liable if Jensen can prove she had actual knowledge of the undisclosed defects or failed to "exercise ordinary care in obtaining the information." *Id.* § 558A.6. We reverse and reinstate all statutory claims against Julie Sattler.

### D. Evidentiary Matters

Jensen challenges two evidentiary rulings the district court made at trial. Jensen offered correction notices the City of Cedar Rapids issued to Sattler during the construction of the house and a neighbor's testimony regarding the amount of construction work James Sattler personally performed. The district court excluded the correction notices because it determined they were irrelevant and the neighbor's testimony because Jensen did not disclose it in a timely manner.

We afford the district court wide discretion in evidentiary matters, *see State v. Price*, 692 N.W.2d 1, 6 (Iowa 2005), and refusal to allow evidence is a proper sanction for violating a discovery order. Iowa R. Civ. P. 1.517(2)(*b*)(2). We find no abuse of discretion in either ruling. *See Heinz v. Heinz*, 653 N.W.2d 334, 338 (Iowa 2002) (noting reversal under abuse of discretion standard only warranted when ruling rests on clearly untenable or unreasonable grounds). The jury's verdict on Jensen's common law fraud claim stands.

### IV. Conclusion

We reverse and remand for another trial. Jensen shall be permitted to pursue his statutory claims against both James and Julie Sattler. Costs on appeal are assessed against the Sattlers.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**