Daniel **WANFALT** and Dawn **Wanfalt**,
Plaintiffs–Appellants,

v.

**BURLINGTON BANK AND TRUST,**
Defendant–Appellee.

No. 05–1898.

Court of Appeals of Iowa.

Jan. 18, 2007.

Timothy K. Wink and Jay Schweitzer of Schweitzer & Wink, Columbus Junction, for appellants.

James W. Miller of Cray, Goddard, Miller & Taylor, L.L.P., Burlington, for appellee.

VOGEL, J.

Daniel and Dawn Wanfalt appeal the district court's directed verdict in favor of the Burlington Bank and Trust (the Bank) on a claim for failing to execute a mandatory disclosure form pursuant to Iowa Code section 558A.1 (2003). After considering the record and arguments on appeal, we agree with the district court's conclusion that this real estate transaction is excluded under the statute and affirm.

In 1997, the Bank acquired a mortgage from Gary and Beverly Marquardt in connection with the purchase-money financing of 21.56 acres of land with a dwelling unit near Morning Sun, Iowa. After the Marquardts experienced financial difficulties, the Bank accepted a quitclaim deed in lieu of foreclosure from the Marquardts for the property. Before the Bank was able to arrange for a resale of the property through an auction service or a realtor, the Wanfalts and another interested party contacted the Bank about purchasing the property. The Bank showed the Wanfalts the appraisal completed in March 2003, valuing the property at $130,000. The Bank asserted that none of its representatives had ever personally viewed the property before it was shown to the Wanfalts. The Wanfalts subsequently inspected the property on their own several times. The property included a seven-year-old manufactured home that was in extremely poor condition. Bank representatives claimed at trial that, during visits to the property with the Wanfalts, they pointed out all of the problems with the home the Bank knew of and expected the property to sell for only about half the value of the appraisal, or $60,000 to $70,000. The appraisal refers to the home intermittently as a "manufactured home" (two references) or as a "modular home" (eleven references). At some point, Dawn Wanfalt contacted Iowa State Bank to inquire about financing for the property. Dawn told Frances McElhinney at Iowa State Bank the home had a plate beside the front door. McElhinney explained that a plate meant it was a manufactured home, to which Dawn acknowledged she and Dan were aware of that fact. The Wanfalts eventually purchased the property for $121,500 after a private auction, bidding against the other interested party. The Wanfalts claim that when attempting to insure the property after the sale, they discovered for the first time that the home was a manufactured home rather than a modular home.

When this suit was originally filed in June 2004, the Wanfalts had named two additional defendants and several theories of recovery. By the time the matter proceeded to a jury trial in October 2005, only the Bank remained as a defendant, and only claims for fraudulent misrepresentation and failure to disclose pursuant to Iowa Code chapter 558A were litigated. At the close of the Wanfalt's case in chief, the Bank moved for a directed verdict. The district court granted the motion as to the chapter 558A failure to disclose issue by finding as a matter of law that the transfer from the Bank to the Wanfalts was excluded under section 558A.1(4), because the bank had obtained the property by a deed in lieu of foreclosure. The only remaining claim submitted to the jury was fraudulent misrepresentation, on which the jury granted a defense verdict. The district court denied the Wanfalts' post-trial motions to reconsider and for a new trial on the chapter 558A issue. The Wanfalts appeal only the grant of a directed verdict on this issue.

We review the district court's rulings on motions for directed verdict for correction of errors at law. *Yates v. Iowa West Racing Ass'n*, 721 N.W.2d 762, 768 (Iowa

2006). Likewise, our standard of review on issues of statutory interpretation, including chapter 558A, is for errors at law. *Jensen v. Sattler*, 696 N.W.2d 582, 585 (Iowa 2005). When interpreting a statute, our primary goal is to ascertain and give effect to the intention of the legislature. *Kohrt v. Yetter*, 344 N.W.2d 245, 246 (Iowa 1984). We search for legislative intent as shown by what the legislature said, rather than what it should or might have said. Iowa R.App. P. 6.14(6)(*m*). With this in mind, we review the language of the statute and the objects sought to be accomplished. *Slager v. HWA Corp.*, 435 N.W.2d 349, 352 (Iowa 1989). If the statute is ambiguous, we regard the consequences of a particular construction. Iowa Code § 4.6(5).

■ The Wanfalts argue that the district court erred when it interpreted chapter 558A as excluding the transfer of the property from the Bank to them. Iowa Code chapter 558A, known as the Real Estate Disclosure Act, requires

> persons interested in transferring real estate to deliver a written disclosure statement to prospective buyers. Iowa Code § 558A.2. The disclosure statement must include certain information about the "condition and important characteristics and structures on the property" as provided in rules adopted by the real estate commission. *Id.* § 558A.4(1); *see, e.g.,* Iowa Admin. Code r. 193E–14.1(6) (setting forth sample disclosure statement).

*Jensen*, 696 N.W.2d at 585. The district court concluded the subject transaction was excluded under section 558A.1, which reads:

> 4. "Transfer" means the transfer or conveyance by sale, exchange, real estate contract, or any other method by which real estate and improvements are purchased, if the property includes at least one but not more than four dwelling units. However, a transfer does not include any of the following:
>
> . . . .
>
> b. A transfer to a mortgagee by a mortgagor or successor in interest who is in default, or *a transfer by a mortgagee who has acquired real property at a sale conducted pursuant to chapter 654,* a transfer back to a mortgagor exercising a right of first refusal pursuant to section 654.16A, a nonjudicial voluntary foreclosure procedure under section 654.18 or chapter 655A, or a deed in lieu of foreclosure under section 654.19.

Iowa Code § 558A.1(4)(b) (emphasis added).

The district court reasoned the confusing syntax of that section should be interpreted so that the phrase "or a deed in lieu of foreclosure under section 654.19" modifies the earlier phrase "or a transfer by a mortgagee who has acquired real property . . . ." This construction has some practical appeal so that all parts of subsection b are afforded a logical and reasonable meaning, consistent with one of the purposes of the statute, *see State v. Pickett*, 671 N.W.2d 866, 870 (Iowa 2003) (summarizing the rules of statutory construction), which is to relieve commercial lenders that do not occupy residential property, and to which they hold title only for security purposes, from the disclosure requirements of chapter 558A. We could affirm the district court under its rationale and statutory construction, but we may also affirm for a slightly different reason, as follows.

■ The Bank acquired the property from the original mortgagors, the Marquardts, by a deed in lieu of foreclosure. This procedure allowed the original mortgagors and the Bank to avoid the lengthy foreclosure process, by the grant and the acceptance of a quitclaim deed which stat-

ed "the consideration was the release of the grantors [Marquardts] of a portion of the personal liability under the underlying notes." The Bank then sold and deeded the property to the Wanfalts. This transfer occurred, not subsequent to a *"sale* conducted pursuant to chapter 654" but rather after the bank acquired the property as described above, by the *deed in lieu* of foreclosure. Had the bank acquired the property following a "sale," section 558A.1(4)(b) would clearly allow the subsequent transfer to occur without an accompanying disclosure statement otherwise required by Iowa Code chapter 558A. However, the weakness in the statute is that a deed in lieu of foreclosure is not specifically listed as an exempt transfer in 558A.1(4)(b). Nonetheless, it is the legislature's chosen "alternate nonjudicial voluntary foreclosure procedure" under Iowa Code section 654.18(1)-(4). Utilizing an expedited process, "the mortgagor conveys to the mortgagee all interest in the mortgaged property and the mortgagee accepts the conveyance and waives any right to a deficiency." *Nash Finch Co. v. Corey Dev., Ltd.*, 669 N.W.2d 546, 550, n. 3 (Iowa 2003). For the Bank, it produced the same result as would have a mortgagee receiving the property after a foreclosure and sale. Moreover, a fair reading of section 558A.1(4)(b) with the various code sections of chapter 654 referenced therein, indicates that the legislature intended to exclude certain types of transactions from the disclosure requirements of 558A. The exclusion should apply whether a mortgagee acquires the property by a *sale following a foreclosure* or whether it acquires title by way of a *deed in lieu of foreclosure*. We therefore hold that, when a mortgagee transfers real property received by a deed in lieu of foreclosure pursuant to chapter 654, it is not a "transfer" under Iowa Code section 558A.1(4), requiring a written disclosure statement under chapter 558A.

Thus, we agree with the district court that the sale of the Morning Sun property was not a "transfer" under chapter 558A, and consequently no disclosure form was required of the Bank.[1] The district court did not err by granting a directed verdict as to the Wanfalts' chapter 558A claim.

AFFIRMED.

SACKETT, C.J., specially concurs.

SACKETT, C.J.(concurring specially)

I concur in the result, but write separately concerning the basis for upholding the grant of a directed verdict. The majority correctly notes that, "[w]hen interpreting a statute, our primary goal is to ascertain and give effect to the intention of the legislature." *See Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004). However, "[w]e resort to 'the rules of statutory construction *only* when the terms of [a] statute are ambiguous.'" *State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006) (quoting *IBP, Inc. v. Harker*, 633 N.W.2d 322, 325 (Iowa 2001)). I do not see any ambiguity in the terms of the statute. The legislature listed numerous transactions that are excluded from the definition of "transfer" for purposes of real estate disclosures, including:

- A transfer to a mortgagee by a mortgagor or successor in interest who is in default,

---

1. Furthermore, even if the statute did apply, we note that there is no category or classification on the standard form that would entail the disclosure sought by the Wanfalts: whether the dwelling is a manufactured home versus a modular home. *See* Iowa Admin. Code § 193E–14.1(543B) (providing a sample disclosure form).

- or a transfer by a mortgagee who has acquired real property at a sale conducted pursuant to chapter 654,
- a transfer back to a mortgagor exercising a right of first refusal pursuant to section 654.16A,
- a nonjudicial voluntary foreclosure procedure under section 654.18 or chapter 655A,
- or a deed in lieu of foreclosure under section 654.19.

Iowa Code § 558A.1(4)(b) (2003).

The district court concluded the words "or a deed in lieu of foreclosure" had "to modify or go with" the second item in the list grammatically. The unambiguous language and structure of the statute does not support this conclusion. After seeking the intent of the legislature, the majority determined, "The exclusion [in the second item] should apply whether a mortgagee acquires the property by a *sale following a foreclosure* or whether it acquires title by way of a *deed in lieu of foreclosure.*" (Underlining added; italics in original). Since the language of the statute is clear and unambiguous, we should not seek the intent of the legislature. *Wiederien,* 709 N.W.2d at 541; *Harker,* 633 N.W.2d at

325. Rather, we should apply the plain terms of the statute to the facts before us. For a court to determine a statute "should" say a certain thing is to make a policy decision—a role reserved for the legislature. *See Jensen v. Sattler,* 696 N.W.2d 582, 586 (Iowa 2005).

Based on the plain language of the statute, the transfer at issue is not listed among the transactions excluded from a disclosure requirement. I believe the district court erred in concluding otherwise and in granting the motion for directed verdict on that basis. I would affirm the district court's grant of a directed verdict for lack of substantial evidence to support the claim.[2] *See Hansen v. Seabee Corp.,* 688 N.W.2d 234, 238 (Iowa 2004) (noting we may affirm the district court's decision if there is an alternative ground urged in the district court and on appeal that can support the court's decision).

---

**2.** When reviewing a district court's ruling on a motion for directed verdict, we view the evidence in the same light as the district court to determine whether the evidence generated a jury question. *Toney v. Casey's Gen. Stores, Inc.,* 460 N.W.2d 849, 852 (Iowa 1990). If there is not substantial evidence to support each element of the plaintiffs' claim, a directed verdict is appropriate. *See Bellville v. Farm Bureau Mut. Ins. Co.,* 702 N.W.2d 468, 472 (Iowa 2005); *Johnson v. Interstate Power Co.,* 481 N.W.2d 310, 317–18 (Iowa 1992).