# IN THE COURT OF APPEALS OF IOWA

No. 9-684 / 08-1694
Filed November 25, 2009

**JAMES E. MCDONALD and**
**SHARON L. DOZIER,**
      Plaintiffs-Appellants,

**vs.**

**JAMES L. SHIPLEY and**
**LINDA M. SHIPLEY,**
      Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, Artis Reis, Judge.


Plaintiffs appeal the district court rulings for defendants on their action alleging failure to disclose certain problems with the property they purchased from defendants. **AFFIRMED.**


Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellants.

William B. Serangeli and Joseph M. Borg of Smith, Schneider, Stiles & Serangeli, P.C., Des Moines, for appellees.


Heard by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2009).

**PER CURIAM**

### I. Background Facts & Proceedings

James McDonald and Sharon Dozier, husband and wife (the McDonalds), were interested in purchasing a ranch home with a walk-out basement. They also needed a large garage for their antique cars. From an acquaintance they heard James Shipley and Linda Shipley (the Shipleys) might be interested in selling their home in Windsor Heights. The McDonalds approached the Shipleys about purchasing their home.

The McDonalds viewed the outside of the home. They later toured the inside of the home with the Shipleys. James McDonald returned to view the inside of the home a second time. He had John White, of Building Inspectors, accompany him to give an opinion about the basement floors, and another person gave him an estimate on new sewer pipe. The McDonalds determined they would probably have to upgrade the electrical service, and there was some settling of the basement floors. They also realized it was a possibility the Shipleys' house would also need a new sewer line. The McDonalds noticed part of the patio was settling, and they intended to fix that. They also intended to build a new garage.

On May 30, 2003, the Shipleys signed a Seller Disclosure of Property Condition, as required by Iowa Code chapter 558A (2003). They disclosed the following repairs or problems with the home: "resealed vents – Reliable Roof 2001," "1985-86 . . . took off old roof to boards & replaced," "April -03 – regrouted master shower eliminated leak in downstairs – i.e., down stairs ceiling removed –

not replaced as of 5/30/03," "patio and basement floor settled," "sewer plugged by sanitary tampons Dec. 01 or Jan. 02 – Smith found plug & said we have a low spot or 2 in sewer pipe." In addition to the written disclosure, James Shipley testified he verbally disclosed to the McDonalds that water would pool in the backyard if there was a heavy rain. He also stated that he had pointed out it was a large step from the kitchen to the garage because of settling of the garage floor.

On June 3, 2003, the McDonalds made an offer to purchase the house for $210,000, and the next day the Shipleys accepted. The Shipleys were not ready to move, and the parties agreed the McDonalds would lease the property to the Shipleys for a period of time. This separate agreement also provided "during the rental period McDonalds may be doing certain construction work on the property, i.e.: construction of garage; reflooring of deck; gutter and downspout work and replacing part of basement floor."

After the McDonalds moved into the home, they came to believe the Shipleys had not disclosed all of the problems with the home. On July 5, 2007, the McDonalds filed suit against the Shipleys on theories of breach of contract, violation of section 558A.4, and fraudulent misrepresentation.[1] They claimed the Shipleys had failed to disclose the following defects: flooding and drainage problem in backyard; malfunctioning electrical system; collapsed sewer line; prior roof damage; prior ceiling damage; prior damage to the water service line; washed-out void underneath the garage floor; malfunctioning heating and cooling

---

[1] The McDonalds had originally filed suit on August 30, 2005, but that action was dismissed without prejudice. The McDonalds refiled their action on July 5, 2007.

system; basement water damage; and apartment could not be occupied in its present condition.[2] The McDonalds sought damages, punitive damages, and attorney fees.

The Shipleys filed a request to have the jury view the property, as permitted by Iowa Rule of Civil Procedure 1.922. The district court granted this request, and determined the jury would view the outside and the inside of the home.

The district court also issued a pre-trial ruling on the appropriate measure of damages. The McDonalds claimed they would not have purchased the home if the defects in the property had been disclosed, and they should be awarded damages for any additional expenditures they incurred for defects in the home, even those not directly connected to the alleged non-disclosure. The court ruled plaintiffs would only be entitled to recover damages which were proximately caused by non-disclosure. The court stated, however, that plaintiffs could make an offer of proof of their out-of-pocket expenses for items not tied directly to the failure to disclose.

During the trial the McDonalds made two offers of proof concerning damages. At the close of the evidence, the district court granted the plaintiffs' motion to withdraw the issue of punitive damages. The court granted a directed verdict to defendants on the issue of fraudulent misrepresentation. The McDonalds objected to the court's proposed instruction on the issue of damages.

---

[2] The Shipleys leased the lower level of the home as an apartment.

The court affirmed its earlier ruling on the measure of damages and did not instruct the jury on out-of-pocket expenses.

The jury was given separate verdict forms based on failure to disclose the following items that were repaired: drainage problems in the back yard; basement floor and basement sewer line; ceiling damage; garage settling; electrical system; heating system; roof problems; and apartment renovation and loss of rental income. The jury found the Shipleys failed to exercise ordinary care in their Disclosure Statement as to repair of drainage problems in the back yard and repair of the garage settling. On all other items, the jury found no failure to exercise ordinary care. On the two items where the jury found failure to exercise ordinary care, the jury found this failure was not a proximate cause of plaintiffs' damages. The jury also found the Shipleys had actual knowledge of the inaccuracies and omissions in their Disclosure Statement, but these inaccuracies and omissions were not a proximate cause of damages.

The McDonalds filed a motion for new trial, claiming the jury's verdict of no causation was contrary to the evidence and not logically consistent with the court's instructions. They also claimed the court had adopted the wrong measure of damages, and erred in granting the Shipleys' request for a jury view. The district court overruled the motion for new trial. The McDonalds appeal.

## II.    Jury Instructions

The McDonalds contend the district court erred in instructing the jury on the proper measure of damages. They claim the district court should have instructed the jury on damages under Iowa Civil Jury Instruction No. 220.2,

instead of No. 220.1.[3] The McDonalds claim that if the Shipleys had properly disclosed the problems with the property, they would not have purchased the property and would not have incurred out-of-pocket expenses in addressing the various problems they found in the home. They assert they should not be required to prove misrepresentation with respect to each specific area of claimed expense. Additionally, they argue that the fact the jury found no proximate cause does not mean the jury would have found no proximate cause if they had been allowed to present their theory of damages.

Our standard of review concerning alleged errors in respect to jury instructions is for the correction of errors at law. *Banks v. Beckwith*, 762 N.W.2d 149, 151 (Iowa 2009). We review to determine whether prejudicial error has occurred. *City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.*, 617 N.W.2d 11, 20 (Iowa 2000). Jury instructions must be considered as a whole, and if the jury has not been misled, there is no reversible error. *Thavenet v. Davis*, 589 N.W.2d 233, 236 (Iowa 1999).

Under section 558A.2, a person interested in transferring real property "shall deliver a written disclosure statement to a person interested in being transferred the real property." The disclosure statement must include "information relating to the condition and important characteristics of the

---

[3] Under Instruction No. 220.1, a plaintiff is entitled to damages that would place the plaintiff in as good a position as would have been enjoyed if the defendant's statements had been true. Under Instruction No. 220.2, the plaintiff is entitled to damages to reimburse the plaintiff for the loss caused by reliance on the defendant's omission and to place the plaintiff in as good a position as if the omission had not been made.

property." *See* Iowa Code § 558A.4(1); *Wanfalt v. Burlington Bank & Trust*, 729 N.W.2d 828, 830 (Iowa Ct. App. 2007).

A person who violates chapter 558A is ordinarily liable for the amount of actual damages suffered by the transferee. Iowa Code § 558A.6; *Jensen v. Sattler*, 696 N.W.2d 582, 585 (Iowa 2005). A person is not liable for an error, inaccuracy, or omission in a disclosure statement, however, "unless that person has actual knowledge of the inaccuracy, or fails to exercise ordinary care in obtaining the information." Iowa Code § 558A.6(1).

The McDonalds note that in *Cornell v. Wunschel*, 408 N.W.2d 369, 380 (Iowa 1987), in addressing a fraudulent misrepresentation claim, the Iowa Supreme Court determined that in some circumstances the out-of-pocket rule, instead of the benefit-of-the-bargain rule, should apply. "The purpose of the benefit-of-the-bargain rule is to put the defrauded party 'in the same financial position as if the fraudulent misrepresentation had been in fact true.'" *Cornell*, 408 N.W.2d at 380 (citation omitted). "The out-of-pocket-expense rule is an alternative measure of damages applicable when the benefit-of-the-bargain rule will not make the defrauded party whole." *Midwest Home Distrib., Inc. v. Domco Indus., Ltd.*, 585 N.W.2d 735, 739 (Iowa 1998). The out-of-pocket rule is particularly applicable where the injured party has returned the property, and damages are awarded based on the party's expenses in accepting and then rescinding the agreement. *Id.*

While there are two measures of damages for fraud actions, *see id.*, an action under chapter 558A is not a fraud action. *Jensen*, 696 N.W.2d at 587

(holding proof of fraud is not required for a claim under chapter 558A). A statutory claim under chapter 558A and a claim for fraudulent non-disclosure are two distinct cases of action. *Id.* at 587-88. The element of reliance is not part of a statutory claim. *Hammes v. JCLB Props., LLC*, 764 N.W.2d 552, 556 (Iowa Ct. App. 2008) ("Requiring proof of reliance is contrary to the statute's plain language and to the court's holding in *Jensen.*"). Because reliance is not an element, the measure of damages based on loss caused by reliance on a defendant's misrepresentation or omission is not the best fit for awarding damages under chapter 558A. *See* I Iowa Civil Jury Instructions 220.2 (1995) (awarding damages based on a reliance interest).

Furthermore, the McDonalds' theory of damages was not followed in *Hammes*, 764 N.W.2d at 557. There, plaintiffs were required to establish proximate cause between the defendant's false representation and plaintiffs' damages. *Id.* The court noted, "defendants' failure to disclose their water problem and their remedial efforts caused the plaintiffs to suffer similar water damage in the same part of the basement." *Id.* Plaintiffs were not entitled to damages for repairs to a different part of the basement caused by a sewer back-up and not the undisclosed water problem. *Id.* at 558-59.

We conclude the district court did not err in instructing the jury on the measure of damages in this case based on the benefit-of-the-bargain rule. The court properly ruled plaintiffs would only be entitled to damages which were proximately caused by the non-disclosures in the Disclosure Statement.

### III.    Motion for New Trial

The McDonalds assert the district court erred in denying their motion for a new trial because the verdict fails to effectuate substantial justice. They claim the jury's verdict is logically and legally inconsistent because the jury found the Shipleys failed to exercise ordinary care in the Disclosure Statement, but their failure was not the proximate cause of the McDonalds' damages.

The McDonalds claim the jury may have been prejudiced by the court's ruling allowing the jury view at the residence. They assert the jury would not have learned anything from the interior of the home. The McDonalds state they had fixed up the interior of the home, and it was in good condition, which may have led the jury to believe their complaints about non-disclosure were without merit. They do not dispute that the district court properly allowed the jury to view the outside of the home.

Iowa Rule of Civil Procedure 1.922 provides "When the court deems proper, it may order an officer to conduct the jury in a body to view any real or personal property . . . and to show it to them." The court has discretion in determining whether to permit a jury view. *Humphrey v. Happy*, 169 N.W.2d 565, 569 (Iowa 1969); *Clarke v. Hubbell*, 249 Iowa 306, 317, 86 N.W.2d 905, 911 (1957). A court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.* 512 N.W.2d 541, 543 (Iowa 1994). The McDonalds made claims for repairs to the inside and outside of their home. The claims included problems with the ceiling, basement floor, heating and cooling system,

and the apartment. We find no abuse of discretion in the district court's decision permitting the jury to view the inside and outside of the home.

Regarding the motion for new trial, our review depends upon the grounds raised in the motion. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006). On a claim the verdict fails to effectuate substantial justice, we review the district court's ruling for an abuse of discretion. *Estate of Hagedorn ex rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 87-88 (Iowa 2004). On a claim of inconsistent jury verdicts, we review the court's conclusion as to whether the verdicts are inconsistent for the correction of errors at law. *Clinton Physical Therapy Servs.*, 714 N.W.2d at 609.

The district court found the jury verdicts were not inconsistent. In ruling on the motion for new trial, the court found "[t]he jury could have found that no damages related to these items or that damages were caused by Plaintiffs." We find no error in the district court's conclusion the jury verdicts were not inconsistent.

The jury found the Shipleys had failed to disclose drainage problems in the backyard. A neighbor testified he had never seen any water in the backyard, either while it was owned by the Shipleys or McDonalds. A former tenant testified he did not have any problems entering the downstairs apartment until the McDonalds tore up the patio and took out some bushes, and then the walkway became a muddy mess. The jury also found the Shipleys failed to disclose settling of the garage floor. The evidence showed, however, that the McDonalds always intended to reconstruct the garage. The McDonalds needed

extra garage room for antique cars.  Based on this evidence, the jury could have found the McDonalds suffered no damages proximately caused by the Shipleys' failure to disclose.

We also determine the district court did not abuse its discretion in refusing to grant a new trial on the ground the verdict failed to effectuate substantial justice.

We affirm the decision of the district court.

**AFFIRMED.**