# IN THE COURT OF APPEALS OF IOWA

No. 15-2175
Filed June 21, 2017

**TERRELL LAMON BAILEY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

Applicant appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, P.L.C., Washington, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Terrell Bailey appeals from the district court's denial of his application for postconviction relief (PCR).

Bailey filed his original application for PCR in May 2014; he then amended the application in July 2014 and again in September 2015. He sought relief after a jury found him guilty of three counts of delivery of a controlled substance (marijuana).

Bailey and the State agreed the matter would be submitted to the district court on November 15, 2015, on briefs only without a hearing. On October 23, Bailey filed both his brief in support of his application and an appendix. The State filed its response soon after with references to the appendix filed by Bailey. Bailey then filed a reply brief.

The district court considered five claims of ineffective assistance of trial and appellate counsel and one claim that the State had "violated the Applicant's due process rights through spoiliation [sic] of exculpatory evidence." It then issued a written ruling denying Bailey's claims on the merits on November 20. In the ruling, the court referred to the briefs submitted by the parties but stated, "[N]either party filed the appendix to which both parties refer in their briefs. The Court has only the briefs to consider when reviewing the Applicant's Second Amended Application" for PCR. Both the State and Bailey agree that this statement by the district court was in error.

Next, Bailey filed a notice of appeal. He then filed a motion asking our supreme court to remand the case "for further proceedings with directions to the

District Court to give a full and fair consideration of the appendix." Our supreme court denied the motion.

Bailey filed an appellate brief. He did not make any claims or arguments regarding the merits of the district court's ruling on his application. Nor did he specify in what respect the appendix would have made a substantive difference in the district court's ruling. Instead, he used his appellate brief to reiterate his claim that his case should be remanded to the district court for further proceedings. Our supreme court transferred the case to us.

We cannot consider the merits of Bailey's claims as presented to the district court in his application for PCR. Although we review constitutional issues raised in a PCR de novo, Bailey has not raised any arguments or claims regarding his underlying application. *See Berryhill v. State*, 603 N.W.2d 243, 244–45 (Iowa 1999); s*ee also* Iowa R. App. P. 6.903(2)(g)(3) (requiring the appellant's brief to contain an "argument containing the appellant's contentions and the reasons for them with citations to authorities relied on" and stating failure to do so "may be deemed waiver of that issue"). That leaves only the issue of whether Bailey's case should be remanded for further consideration by the district court. Our supreme court has already ruled against Bailey's first such request, and we see no reason to treat Bailey's second request differently. We affirm.

**AFFIRMED.**

Bower, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge.** (dissenting)

I respectfully dissent. I believe the trial judge essentially entered a judgment on the pleadings with the aid of the parties' briefs, without a pending motion for judgment on the pleadings, and notwithstanding the State's answer denying most of the allegations. The State contends that error was not preserved because Bailey did not move the district court to expand its ruling by considering the appendix of evidence pursuant to Iowa Rule of Civil Procedure 1.904(2). However, our supreme court has stated:

> If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is "incomplete or sparse," the issue has been preserved. *See Meier* [*v. Senecaut*, 641 N.W.2d 532, 540 (2002)]; *see also Jensen v. Sattler*, 696 N.W.2d 582, 585 (Iowa 2005) (finding error was preserved even though "the summary judgment record is not a model of clarity"). *Meier* distinguishes between the situation where error was preserved even though "the record or ruling on appeal contains incomplete findings or conclusions," 641 N.W.2d at 539, and the situation where the issue was "not considered by" the district court and thus error was not preserved, *id.* at 540.

*Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). Here, all the issues were considered and ruled upon but none of the evidence was considered. Although the supreme court denied a limited remand, such a remand would require retention of jurisdiction. I would remand this case back without retaining jurisdiction and require a different judge to consider the evidence and decide the issues anew. Consideration of the parties' issues without considering the stipulated evidence is much akin to structural error and undermines the right to a fair trial. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011).