**Herbert MADREN, Plaintiff,**

v.

**SUPER VALU, INC., a/k/a Super Value Holdings, Inc., Defendant.**

**No. 4–01–CV–90474.**

United States District Court,
S.D. Iowa,
Central Division.

Jan. 28, 2002.

Robert E. McKinney, McKinney Law Offices, PC, Waukee, IA, for plaintiff.

Michael R. Reck, Belin Lamson McCormick Zumback & Flynn PC, Des Moines, IA, for defendant.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

The Court has before it Defendant's Motion for Summary Judgment. Defendant argues that all of Plaintiff's claims are

preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Alternatively, Defendant argues that three of Plaintiff's four claims also fail on their merits. Plaintiff disagrees and has filed a resistance to that effect. For the reasons that follow, the Court grants Defendant's motion in its entirety.

## I. BACKGROUND

Plaintiff, Herbert Madren, worked for Defendant, Super Valu, Inc. ("Super Valu"). During his employment with Super Valu, Madren was a member of Teamster's Local 417. As such, a collective bargaining agreement covered Madren's employment.

On March 23, 2000, Madren was injured on the job and went on light duty while he recovered. Throughout the time he was on light duty, Super Valu continued all of his benefits. Ultimately, Madren reached maximum medical improvement and was released to return to work with permanent restrictions. However, while Madren was on light duty, numerous jobs, including his job, were eliminated because of financial conditions and pursuant to the collective bargaining agreement. Upon his return to work, Super Valu allowed Madren to bid on every available job, as provided for by the collective bargaining agreement, but Madren could not secure a position. On April 26, 2001, Super Valu informed him that it did not have any jobs available that fit his restrictions and that he was therefore terminated as of that date. Super Valu also told him at that time that his medical insurance coverage and pension contributions would end in thirty days, on May 25, 2001.

Madren claims that the termination of his benefits violates his collective bargaining agreement. In particular, Madren claims that the termination violates Paragraph 15:02. That paragraph states, in relevant part: "If an employee is injured on the job, the employer shall continue to provide coverage until such employee returns to work; however, such coverage shall not be provided for a period of more than twelve (12) months." Madren apparently believes that this paragraph provides him a right to continued benefits after he returns to work upon reaching maximum medical improvement and yet cannot find a job that fits his restrictions. Super Valu, on the other hand, believes that Paragraph 15:02 only allows for benefits until an employee returns to work after reaching maximum medical improvement.

Madren did not file a grievance. Instead, he filed this action on July 24, 2001. In his Petition,[1] Madren asserts four claims: (1) breach of the collective bargaining agreement; (2) fraudulent misrepresentation; (3) negligent misrepresentation; and (4) intentional infliction of emotional distress. Super Valu argues that it is entitled to summary judgment on all of them.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is "genuine," "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if the dispute over it might affect the out-

---

1. Plaintiff filed this action in state court and Defendant removed it to this Court.

come of the suit under the governing law. *Id.*

The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In meeting its burden, the moving party may support his or her motion with affidavits, depositions, answers to interrogatories, and admissions. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party has carried its burden, the nonmoving party must go beyond the pleadings and, by affidavits or by the depositions, answers to interrogatories, and admissions on file, designate the specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(c), (e); *Celotex Corp.,* 477 U.S. at 322–323, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. In order to survive a motion for summary judgment, the nonmoving party must present enough evidence for a reasonable jury to return a verdict in his or her favor. *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505.

On a motion for summary judgment, the Court is required to "view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences." *United States v. City of Columbia,* 914 F.2d 151, 153 (8th Cir.1990). The Court does not weigh the evidence or make credibility determinations. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. The Court only determines whether there are any disputed issues and, if so, whether those issues are both genuine and material. *Id.*

## III. DISCUSSION

Defendant is correct in that § 301 of the LMRA preempts all four of Plaintiff's claims. Defendant is also correct in that Plaintiff's claims of fraudulent misrepre-

sentation, negligent misrepresentation, and intentional infliction of emotional distress also fail on their merits. The Court must therefore grant summary judgment in Defendant's favor.

### A. Breach of Collective Bargaining Agreement

■ Madren's first count appears to be a state law breach of contract claim. In this count, entitled "General Allegations," Madren states, "Defendant's action of stopping it's contribution to Plaintiff's health insurance is in violation of Article 15 of the Agreement." Madren identifies the specific portion of Article 15 that he claims has been violated as Paragraph 15:02. No where in his Petition does Madren mention the LMRA.

■ Section 301 of the LMRA preempts any state law claim that is substantially dependent upon the analysis of a collective bargaining agreement. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In making this determination, the Eighth Circuit looks to "whether interpretation of the collective bargaining agreement is necessary to resolve the count." *Johnson v. Anheuser Busch, Inc.,* 876 F.2d 620, 623 (8th Cir.1989). That the interpretation of the collective bargaining agreement is necessary to determine whether it has been breached goes without saying.

■ Moreover, Madren did not pursue the grievance process provided for by the collective bargaining agreement. "Failure to exhaust the grievance procedures of the collective bargaining agreement is a defense to a suit on the collective bargaining agreement." *Moore v. General Motors Corp.,* 739 F.2d 311, 317 (8th Cir. 1984). Madren has thus failed to state a breach of collective bargaining agreement claim.

## B. Fraudulent Misrepresentation

Madren must prove the following elements to establish a claim of fraudulent misrepresentation:

(1) defendant made a representation to the plaintiff, (2) the representation was false, (3) the representation was material, (4) the defendant knew the representation was false, (5) the defendant intended to deceive the plaintiff, (6) the plaintiff acted in reliance on the truth of the representation, (7) the representation was a proximate cause of plaintiff's damages, and (8) the amount of damages.

*Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 400 (Iowa 2001). Madren admitted in his resistance to the Motion for Summary Judgment that his "claims of fraudulent misrepresentation, negligent misrepresentation, and intentional infliction of emotional distress are all based on Super Valu's representations to plaintiff as to the stopping of his medical and pension contribution benefits 30 days following his termination of employment contrary to the terms of the collective bargaining agreement." Madren's fraudulent misrepresentation claim then clearly depends upon an interpretation of the collective bargaining agreement. The Court would have to determine whether Super Valu's representation was false. The claim is therefore preempted by Section 301 of the LMRA. *See, e.g., Carter v. Ford Motor Co.*, 121 F.3d 1146, 1149 (8th Cir.1997) (plaintiff's intentional infliction of emotional distress, fraudulent misrepresentation, negligent misrepresentation claims were preempted because they would require the court to determine whether plaintiff's discharge was warranted under the terms of the collective bargaining agreement).

Madren's fraudulent misrepresentation claim also fails as a matter of Iowa law. This is because he cannot show an intent to deceive or justifiable reliance. In his deposition, Madren testified:

Q. Did you believe that Mr. Wright was trying to trick you or deceive you when he told you that your collective bargaining agreement called for your benefits to end?

A. No. I believe he read it one way and his interpretation was a lot different than mine or Ron McClain or the union rep.

.        .        .        .        .

Q. But you don't have any evidence he was lying to you in terms of what he believed, do you?

A. No.

Madren Dep. at 37. Madren's factual assertions appear to be limited to the fact that Super Valu merely had a different interpretation of the contract than he did. This same testimony shows that Madren did not accept Super Valu's representation. Moreover, Madren also testified that he thought the language of the contract was clear. Madren, therefore, cannot now claim he justifiably relied upon Super Valu's representation.

## C. Negligent Misrepresentation

Madren's negligent misrepresentation claim is preempted for the same reasons as his fraudulent misrepresentation claim. As described above, the Court would have to interpret the collective bargaining agreement in order to determine whether Super Valu in fact made a misrepresentation. Madren's negligent misrepresentation claim is therefore preempted as well.

Also like his fraudulent misrepresentation, Madren's negligent misrepresentation claim fails under Iowa law. In order to sustain a claim of negligent misrepresentation a plaintiff must show that the defendant was in the business of supplying information to others. *See Hen-*

dricks v. *Great Plains Supply Co.*, 609 N.W.2d 486, 492 (Iowa 2000). "[T]he tort does not apply when a defendant directly provides information to a plaintiff in the course of a transaction between the two parties, which information harms the plaintiff in the transaction with the defendant." *Sain v. Cedar Rapids Comm. School Dist.*, 626 N.W.2d 115, 126 (Iowa 2001). Super Valu is a grocery store. It was not in the business of supplying information to others, nor does Madren allege that its representation to him regarding the termination of his benefits was made for the purpose of guiding him in his transactions with others. In addition, as mentioned above, Madren cannot show that he justifiably relied upon the representation. *See Meier v. Alfa–Laval, Inc.*, 454 N.W.2d 576, 581 (Iowa 1990) (reciting justifiable reliance as an element of a claim of negligent misrepresentation).

### D. Intentional Infliction of Emotional Distress

■ Lastly, Madren's intentional infliction of emotional distress claim is both preempted and deficient on the merits. The elements of an intentional infliction of emotional distress claim are as follows: "(1) outrageous conduct by the defendant; (2) the defendant's intentional causing, or reckless disregard of the probability of causing emotional distress; (3) plaintiff suffered severe or extreme emotional distress; [and] (4) actual and proximate cause of the emotional distress by the defendant's outrageous conduct." *Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 183 (Iowa 1991). Madren admits, however, that his claim is based on Super Valu's representation regarding the termination of his benefits. The determination of whether the representation is outrageous would necessarily involve the determination of whether Super Valu was even incorrect in making it. Madren's inten-

tional infliction of emotional distress claim is therefore preempted.

■ This claim is deficient on the merits for two reasons. First, Madren cannot show that Super Valu's conduct was sufficiently outrageous enough. "For conduct to be sufficiently outrageous to permit an intentional infliction claim, it must go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community." *Mills v. Guthrie County Rural Electric Coop. Ass'n*, 454 N.W.2d 846, 850 (1990). The mere breach of a contract cannot sustain such a finding. *Harsha v. State Savings Bank*, 346 N.W.2d 791, 801 (Iowa 1984). So even if Super Valu was wrong in its interpretation of the collective bargaining agreement, that would not be sufficient.

■ Second, Madren cannot demonstrate emotional distress that is sufficiently severe enough. The Iowa Supreme Court has stated that " '[t]he law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it.' " *Tappe v. Iowa Methodist Medical Ctr.*, 477 N.W.2d 396, 404 (Iowa 1991) (quoting *Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 44 (Iowa 1984) (quotation omitted)). "[T]he plaintiff must ... put on proof of physical ailments that plagued him or her during the relevant period of time and medical evidence of the cause of these ailments." *Chester v. Northwest Iowa Youth Emergency Serv. Ctr.*, 869 F.Supp. 700, 711 (N.D.Iowa 1994). In his deposition, Madren complained of only two symptoms, that he could not sleep and that he worried a lot. He confirmed that never saw a doctor or therapist of any kind regarding these symptoms. Such a showing is plainly deficient.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment is granted on all four counts. The case is dismissed.

IT IS SO ORDERED.