# IN THE COURT OF APPEALS OF IOWA

No. 17-0723
Filed May 2, 2018

JADE C. STONE and DARCIE J. STONE,
    Plaintiffs-Appellants,

vs.

CHARLES K. FORD and JOYCE A. FORD,
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Johnson County, Lars G. Anderson,

Judge.


        Buyers appeal from the district court's ruling finding sellers did not breach

their duty to disclose under Iowa Code chapter 558A (2016) and did not commit

fraudulent misrepresentation.  **AFFIRMED.**


        Kevin J. Kennedy of Kennedy & Kennedy, New Hampton, for appellants.

        Michael W. Kennedy of Kennedy, Cruise, Frey & Gelner, LLP, Iowa City, for

appellees.


        Heard by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

This case arises out of a residential real estate transaction. In 2012, Jade and Darcie Stone purchased a home from Charles Ford and his now-deceased wife Joyce. In 2016, the Stones sued the Fords for a violation of the real estate disclosure law set forth in Iowa Code chapter 558A (2016) and for fraudulent misrepresentation. Following a bench trial, the district court dismissed the claims, finding the Stones failed to prove a violation of the disclosure law and failed to prove their claim for fraudulent misrepresentation. The Stones timely filed this appeal.

I.

The Fords purchased a newly-constructed home in 2007. The basement was finished and included a dry sauna, a "man cave," and a guest room. The Fords, in particular Charles, used the basement on a daily basis. The Fords regularly entertained friends and family in the basement.

During the time the Fords owned the home, there was a single incident in which water infiltrated the basement. After a heavy rain in March 2009, Charles went down to the basement to take care of the family's cat. He discovered the carpet was wet. He checked the sump pump and found the float was stuck. In two seconds, Charles dislodged the float, and the sump pump began to operate. Charles contacted his insurance agent to provide notice of a claim. The claims adjuster came to the house that day and determined the Fords had coverage under an insurance policy that covered water damage caused by sump pump malfunction. The insurance company paid $10,499 on the claim, which was primarily for the replacement of the basement carpet. After this incident, Charles

checked the sump pump each time it rained, and it always worked. This was the only water event the Fords experienced during the time they owned the home.

In 2011 or 2012, the Fords decided to the sell the home due to Joyce's declining health. With the aid of a realtor, they sold the home to the Stones. As part of the sales transaction, the Fords completed a disclosure form pursuant to Iowa Code chapter 558A. The form required the disclosure of "all known conditions materially affecting this property." More specifically, question one provided, "1) Basement/Foundation: Any known water or other problems?" Question eighteen provided, "18) Physical Problems: Any known settling, flooding, drainage, or grading problems?" The Fords checked "No" in response to each question.

In May 2013, during a period of heavy rain, Jade Stone went into the basement and found the carpet was soaked. Jade testified the carpet was ruined and had to be removed. The Stones submitted an insurance claim for the loss. At that time, the Stones learned from their insurance agent of the Fords' prior claim. The Stones' insurance company covered the loss.

In 2014, the Stones decided they were going to sell the home and move closer to family. In June 2014, the Stones were in the process of selling the home to the Goddards when the basement flooded during a heavy rain storm. The Stones did not have insurance coverage for the loss. To finalize the sale to the Goddards, the Stones agreed they would repair the basement and remediate any potential conditions causing water to infiltrate the basement. A contractor's proposal identified the following:

> The grade is too low next to the home, the egress window area wells are too low and inadequate construction, the wells are too close to the sides of the windows, the window trim appears to have never been sealed properly, there are no visible vertical tile drains in the bottom of the area wells, if they were there they wouldn't be expected to handle the amount of water that is draining into the area wells.

Pursuant to their agreement with the Goddards and the contractor's proposal, the Stones replaced the carpeting, trim, and drywall; elevated the grade next to the home; installed drainage tiles; and installed new egress windows. The repairs and remedial work cost $24,921.61.

The Stones brought this suit to cover the cost of the repairs they made to complete the sale of the home to the Goddards. In addition to the cost of repair and remediation, the Stones sought damages for missed work, stress, and punitive damages. The district court found the one-time failure of the sump pump was not a condition materially affecting the property and was not required to be disclosed under chapter 558A. With respect to the fraudulent misrepresentation claim, the district court found the Stones failed to prove the Fords made a knowingly false statement.

## II.

The parties agree the action was tried at law and our review is for the correction of legal error. *See Hammes v. JCLB Props., L.L.C.*, 764 N.W.2d 552, 555 (Iowa Ct. App. 2008). The standard of review is limited. "We are obliged to view the evidence in the light most favorable to sustaining the court's judgment." *City of McGregor v. Janett*, 546 N.W.2d 616, 617 (Iowa 1996). When viewed in this light, the district court's findings of fact are binding upon us if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a). "Evidence is substantial when

a reasonable mind would accept it as adequate to reach the same findings." *Lowe v. Myers*, No. 09-1554, 2010 WL 2089628, at *2 (Iowa Ct. App. May 26, 2010). Evidence is not insubstantial merely because it would have supported contrary inferences. *Id.*

## A.

The Stones first contend the district court erred in dismissing their statutory claim. Iowa's Real Estate Disclosure Act requires persons interested in transferring real estate to deliver a written disclosure statement to prospective buyers. *See* Iowa Code § 558A.2; *Hammes*, 764 N.W.2d at 555. The disclosure must include "information relating to the condition and important characteristics of the property and structures located on the property." Iowa Code § 558A.4(1)(a). The seller has a duty to comply with this requirement in good faith. Iowa Code § 558A.3(1). "A person who violates this chapter shall be liable to a transferee for the amount of actual damages suffered by the transferee." Iowa Code § 558A.6. However, a person shall not be liable for any "error, inaccuracy, or omission in information required in a disclosure statement, unless that person has actual knowledge of the inaccuracy, or fails to exercise ordinary care in obtaining the information." Iowa Code § 558A.6(1).

Pursuant to this statute, Iowa courts have repeatedly found a seller can be liable to a buyer for failing to disclose a known previously- or currently-existing condition so long as the condition is material. *See e.g., Sedgwick v. Bowers*, 681 N.W.2d 607, 611 (Iowa 2004) (reversing dismissal and remanding for trial because "it is clear that the cause of all of the water problems was excessive surface drainage against the back of the house" that existed at the time of sale), *overruled*

*on other grounds by Jensen v. Sattler*, 696 N.W.2d 582 (Iowa 2005); *Yeboah v. Emans*, No. 12-0900, 2013 WL 1453231, at *2–3 (Iowa Ct. App. Apr. 10, 2013) (affirming finding of liability where seller failed to disclose roof leak that caused significant damage where seller believed roof had been repaired); *Lanczos v. Walker*, No. 11-2101, 2012 WL 5355959, at *6 (Iowa Ct. App. Oct. 31, 2012) (affirming liability finding where seller took steps to hide mold and painted over cracks in foundation); *Lowe*, 2010 WL 2089628, at *5 (concluding liability improper where there was disclosure of location in basement of past leak but further problems developed after purchase); *Fox v. Clark*, No. 08-1555, 2009 WL 2185635, at *3 (Iowa Ct. App. July 22, 2009) (concluding repeated extensive standing water in backyard after rain was material condition requiring disclosure as drainage/grading issue); *Hammes*, 764 N.W.2d at 555 (finding where district court concluded defendant was lying about extent and frequency of water damage, liability was proper).

This case is not such a case. Here, the seller disclosure instructed the Fords to "Disclose all known conditions materially affecting this property." Charles testified that he filled the form out himself in good faith and to the best of his ability. He testified between the time he purchased the home in 2007 and March 8, 2009, there was never any moisture, dampness, or mold in the basement. He testified he did not disclose the March 2009 water event because the water event was not due to a material condition affecting the property. Instead, the water infiltration was caused when the sump pump failed to start due to the float being stuck. Charles testified he "pulled the lid off [the sump pump] and the ball itself was stuck underneath on the edge of the sump pump . . . and the pit was full of water so

[he] pulled that out and water started moving." He testified it took two seconds to adjust the float. He testified he never encountered another issue with the sump pump or water in the basement.

Charles's testimony was corroborated by claims adjuster Tyler Tichy. Tichy had sixteen years of experience as a property adjuster. He testified he reviewed approximately fifty wet basement claims each year. He testified that the water damage "had occurred from the water overflowing the sump pump pit." He testified the loss was covered under the Fords' policy because the water came from the sump pump pit when the sump pump failed to start. He testified that there was no indication the water leaked in through the foundation walls. He concluded there was no ongoing water issue in the basement.

Under the deferential standard of review applicable here, when the evidence is viewed in the light most favorable to the district court's judgment, substantial evidence supports the district court's finding that the isolated problem with the sump pump float was not a condition material to the property required to be disclosed. The most relevant case is *Schroeder v. Henness*, 2013-Ohio-2767, 2013 WL 3356564 (Ohio Ct. App. June 28, 2013). In *Schroder*, "a single instance of flooding occurred in the basement of the home, which was attributable to a malfunctioning sump pump" and which the sellers did not disclose. *Id.* at *1. The buyers sued for damages based on the failure to disclose the single instance of water damage caused by the malfunctioning sump pump. *See id.* Like Iowa, Ohio requires the seller of real property to complete a disclosure form. Like Iowa, the disclosure:

is designed to permit the transferor to disclose material matters relating to the physical condition of the property to be transferred, including, but not limited to, the source of the water supply to the property * * * and any material defects in the property that are within the actual knowledge of the transferor." R.C. 5302.30(D). A duty of good faith is imposed on the seller, R.C. 5302.30(E)(1), though liability for nondisclosure does not apply to matters "not within the transferor's actual knowledge." R.C. 5302.30(F)(1).

*Id.* at *8. The court concluded the sump pump malfunction was an "isolated incident" and not a "material defect" in the property subject to disclosure. *Id.* at *9. As in this case, "[n]o evidence was presented to show that the [sellers] had ongoing or recurring water problems in their basement and tried to conceal this information from the [buyers] by false statements, by their silence on the disclosure form, or otherwise." *Id.* As in this case, "the [buyers] also presented no evidence of any residual damage to the home from the . . . sump pump malfunction." *Id.*

The Stones attempt to distinguish *Schroeder* on the ground the Ohio Code requires disclosure of "material defects." The distinction itself is immaterial. Here, the disclosure form required the Fords to disclose "conditions materially affecting this property." Iowa, like Ohio, only requires the transferor to disclose information material to the condition of the property. An isolated instance of a sump pump not starting due to the sump pump float being stuck does not rise to the level of a "material condition" that must be disclosed pursuant to chapter 558A. For these reasons, we affirm the district court's dismissal of the Stone's statutory claim arising under chapter 558A of the Iowa Code.

B.

The Stones contend the district court erred in concluding they failed to prove the elements of fraudulent misrepresentation. To establish fraudulent misrepresentation, a party must prove the following elements by a preponderance of clear and convincing evidence: "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage." *See Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010). "Scienter and intent to deceive may be shown when the speaker has actual knowledge of the falsity of his representations or speaks in reckless disregard of whether those representations are true or false." *Milas v. Society Ins.*, No. 16-2148, 2017 WL 6513967, at *2 (Iowa Ct. App. Dec. 20, 2017). "[F]or a buyer to prevail upon a claim based on misrepresentation, not only must the seven elements of fraudulent misrepresentation be met, but they are measured in conjunction with the standards for disclosure as required by section 558A." *Arthur v. Brick*, 565 N.W.2d 623, 626 (Iowa Ct. App. 1997).

The district court's findings are supported by substantial evidence. There is no evidence of a false statement, scienter, or intent to deceive. The Stones assert that the Fords knowingly and with intent to deceive failed to disclose the information related to the water event, but they have no evidence in support of the allegation. Charles testified the water event was an isolated incident, and there is no evidence to the contrary. He testified the incident was caused by the sump pump and it took him only two seconds to resolve the issue. His testimony was corroborated by an experienced claims adjuster. Given the deferential standard

of review, we cannot conclude the district court erred in concluding the Stones failed to prove their fraudulent misrepresentation claim.

### III.

For these reasons, we affirm the judgment of the district court in all respects.

**AFFIRMED.**