# IN THE COURT OF APPEALS OF IOWA

No. 19-0399
Filed June 3, 2020

**LINDA HOVDEN, Individually, and LINDA HOVDEN REVOCABLE TRUST,**
  Plaintiffs-Appellants,

**vs.**

**DWAINE LEMKE and CHERLY LEMKE,**
  Defendants-Appellees.
_____

Appeal from the Iowa District Court for Winneshiek County, Linda M. Fangman, Judge.

Linda Hovden appeals a district court order denying her relief related to the purchase of her home. **AFFIRMED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, LLP, Charles City, for appellants.

Jeremy L. Thompson of Putnam & Thompson Law Office, P.L.L.C., Decorah, and Nicole A. Winke Gentes of Winke Law Office, PLC, Lansing, for appellees.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Linda Hovden appeals a district court order denying her relief related to the purchase of her home. She appeals the district court's decisions related to alleged violations of Iowa Code chapter 558A (2017) and trial attorney fees. Dwaine and Cheryl Lemke (Lemkes) argue the district court properly dismissed the chapter 558A and fraudulent misrepresentation claims and denied Hovden's request for trial attorney fees. The Lemkes request attorney fees on appeal.

I.      **Background Facts and Proceedings**

This appeal arises from the 2013 sale of the Lemkes' condo to Linda Hovden. The Lemkes built the condo and lived in it prior to the sale to Hovden. Dwaine Lemke served as the general contractor for the building process, but a majority of the work was performed by subcontractors. The Lemkes owned a heating, plumbing, and air conditioning company and did the heating and plumbing work on the condo.

Hovden worked with a realtor to view the home, once alone and once with a friend. The property disclosure form provided to Hovden is dated June 6, 2013. It does not appear Hovden had a complete home inspection prior to purchase, and the home was sold in as-is condition. The disclosure form stated personal items were not included unless marked and no warranties on function of systems or appliances were provided. At the time of closing, Hovden had obtained a roof inspection upon the recommendation of the realtor. Hovden alleges there was damage to the roof that was not listed on the disclosure form. Hovden did not complete a walk-through of the condo at the time of or immediately preceding the

closing. This was not her first experience purchasing a home, and she was familiar with the process.

Hovden moved into the condo in early July 2013. She later contacted the Lemkes regarding bidets that were removed from toilets. Dwaine provided one, but it did not work. Hovden alleges she noticed a number of issues with the condo immediately after moving in. Those include nonfunctional air conditioner, clothes washer and dryer, and central vacuum in the master bedroom; the condo's water would never get hot; the microwave was removed; and the water softener leaked. Over time, Hovden also said the heat did not work. Hovden had a number of people perform repairs and maintenance to the condo over the years.

Hovden filed a petition with the district court on May 2, 2017, alleging the Lemkes did not "provide an accurate and honest disclosure statement" in compliance with Iowa Code chapter 558A and committed fraudulent misrepresentation related to the placement of the property line. Trial was held in January 2019. The district court's order contains detailed factual and legal findings. Ultimately, the district court found Hovden failed to prove both of her claims and they were dismissed. The district court also refused to award any attorney fees to Hovden. Hovden appeals.[1]

## II. Standard of Review

Our review is for correction of errors at law. *See Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013). Factual findings of the district court

---

[1] Hovden did not raise an argument related to the fraudulent misrepresentation claim on appeal. Although the Lemkes briefed this court on the matter, because Hovden did not raise the issue, it will not be discussed.

are binding if supported by substantial evidence, but legal conclusions are not. *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996). "Evidence is substantial if reasonable minds could accept it as adequate to reach the same findings." *Id.* "[W]e view the evidence in the light most favorable to the judgment." *Id.* When we examine the district court's findings regarding witness credibility "our task is to determine whether substantial evidence supports the district court's findings according to those witnesses whom the court believed." *Id.*

### III. Analysis

#### A. Duties to Disclose

Iowa Code section 558A.2 requires a real property seller to "deliver a written disclosure statement to prospective buyers." *Jensen v. Sattler*, 696 N.W.2d 582, 585 (Iowa 2005). The seller is required to act in good faith, exercising a reasonable effort to obtain information about the condition of the property. Iowa Code § 558A.3(1). More specifically, a seller has "a limited affirmative duty" to "exercise ordinary care in obtaining the information." *Jensen*, 696 N.W.2d at 587 (quoting Iowa Code § 558A.6(1)). Section 558A.4 details the types of information that should be disclosed as those invoked by the real estate commission. *Id.* at 585. Hovden argues the district court erred in finding there was no duty to disclose certain defects and that the duty to disclose other defects was breached. We discuss each alleged defect in turn.

##### 1. Defective siding

Hovden argues the district court erred in finding the Lemkes had no duty to disclose defective siding. The Lemkes argue the district court's finding that the

siding was cosmetic and not a structural defect that needed to be disclosed is supported by substantial evidence.

The district court stated the siding issue was a manufacturing defect and did not relate to installation. Two contractors testified defective siding is not a structural problem. The court also noted that although the siding issue was visible in 2013, "the siding is still on the home and no problems have been reported and that [Hovden] is aware there is a class action lawsuit against the manufacturer for the siding; yet she apparently has not taken any steps or actions to be included under that class action lawsuit."

### 2.   Hot water

Hovden alleges the district court erred in finding the Lemkes did not breach chapter 558A because the hot water issues did not exist during their residence. Hovden argues that, from the time she moved into the condo in 2013 until December 2017, there was insufficient hot water. She alleges the water would get lukewarm but never hot. Hovden argues an improperly installed check valve should have been disclosed. The Lemkes argue they never had problems with the hot water or had knowledge there was a problem.

A friend of Hovden bathed her children at the condo and testified it took a long time for hot water to flow. However, the Lemkes testified they never had trouble getting hot water. The neighboring condo had the same plumbing installation, and the neighbor testified he had no trouble with hot water and the Lemkes never had workers at their condo to work on the hot water. Furthermore, the Lemkes' son and daughter-in-law testified to years of showering, washing dishes, and bathing children in the home and never had problems with the hot

water.  The Lemkes' son installed the plumbing system and never had to make any repairs.  Moreover, the Lemkes' housekeeper also testified she used hot water and had no trouble with it.  The district court also found it unlikely that Hovden would live in the home with no hot water from July 2013 until June 2016 before seeking help from a plumber.

### 3. Leaking central air and nonfunctional geothermal systems

Hovden alleges the district court erred in finding the Lemkes did not breach chapter 558A in failing to disclose the nonfunctional geothermal system and leaking air conditioner.  The Lemkes argue the district court properly found they did not have issues with the geothermal system or know of the leaking air conditioner and appropriately executed the disclosure form.

Hovden testified that the air conditioning in the condo did not work from the time she moved into the condo and the heat did not work the following winter.  Hovden's friend and her husband testified the condo was cold in the winters of 2016 and 2017.  Dwaine Lemke designed and installed the geothermal system to run only the heat or air conditioner, not both together, and the Lemkes testified they never had issues with the heat or air conditioning.  The Lemkes' son helped install the system and is the current owner of the family heating and plumbing business.  He testified the life of a geothermal system is ten to fifteen years, the system worked when installed, and no complaints were received while the Lemkes lived in the condo.  Testimony that the heater worked was corroborated by the housekeeper and real estate agent.  Hovden had the person who performed repairs on the system in 2017 testify regarding a small leak in the heat pump and he said he would have designed the system differently.  However, he also testified

the system was functional if used as intended, and the owner of a heating business would know what they wanted in their home.

### 4. Plumbing issues

Hovden argues the district court erred in finding the Lemkes did not breach the duty to disclose based on a broken water softener seal, broken bidets, rocking toilets, and a freezing kitchen sink. The State argues the district court correctly found there was no breach.

The Lemkes admitted to removing the plastic bidets attached to toilets and opined "they were old, worn out, and . . . unsanitary." Dwaine tried to assemble one bidet from those removed, but after installation it did not work. Replacement bidets were no longer sold. The district court found the bidets were attachments, not fixtures that needed to be disclosed. When Hovden complained about a functional but rocking toilet, Dwaine attempted to fix the problem with shims in the summer of 2014. In the spring of 2016, a plumber attempted to level the toilet with shims. In June 2016, a different plumber replaced the flange to level the toilet. Hovden also testified the kitchen sink froze during the winter. When a worker came to repair the sink in January 2017, it was not frozen. The Lemkes, the housekeeper, and the Lemkes' son and daughter-in-law testified the kitchen sink never froze. Further, the contractor who installed the soffit behind the sink testified the area was insulated and he never received complaints about the sink freezing.

### 5. Nonfunctional washer, dryer, and garbage disposal

Hovden finally argues the district court erred in finding there was no breach of chapter 558A disclosures due to the nonfunctional washer, dryer, and garbage disposal. The Lemkes argue the disclosure expressed to Hovden that appliance

warrantees do not extend to a purchaser and that they appropriately disclosed only that the appliances were in the condo and functional at the time of sale. The Lemkes also argue they had no way to be aware Hovden would choose to replace the washer and dryer within the first year of her ownership.

The district court found it "significant to note" that Hovden replaced the washer and dryer only six months after moving into the condo. It found the testimony showed "the washer and dryer did work for a period of time . . . and were not replaced until December of 2013." The district court also noted the language from the disclosure that appliance warrantees did not continue past the closing date, the language appeared in the disclosure in capital letters, and Hovden signed that section specifically. The garbage disposal was also replaced in December 2013. The district court said, "The fact that the garbage disposal continued to work until December of 2013 is evidence it was working in July of 2013."

*6.    Analysis and conclusion regarding disclosures*

The district court specifically found the Lemkes' testimony was credible. It also found their testimony was corroborated by several other witnesses. The district court noted that alleged defects were either never repaired, or significant time passed between the purchase of the condo and the performance of repairs in finding that there was no violation of a duty to disclose alleged material defects. Furthermore, the district court discussed the language of the disclosure form. That language expressly stated no appliance warrantees existed past the closing date, Hovden should seek her own home inspection, and Hovden should perform a walk-though inspection of the home herself. This was not Hovden's first experience buying a home. Yet, Hovden declined to have a full home inspection even though

she was aware it was an available option. Our review of the record reveals the findings of the district court are supported by substantial evidence. We affirm the dismissal of Hovden's claims.

B.      Attorney Fees

*1.      Trial Attorney Fees*

Because this court is affirming the district court's decision on the merits, we also affirm its decision to deny Hovden's claim for trial attorney fees.

*2.      Appellate Attorney Fees*

The Lemkes seek to recover appellate attorney fees, claiming the purchase agreement language provides for attorney fees for enforcement of the contract. The claims in this appeal arise not out of enforcement of the contract, but out of alleged violations of the chapter 558A disclosure requirements. The purchase agreement in this case makes no provisions for attorney fees relating to chapter 558A or nondisclosures. As we explained in an unpublished opinion, under these circumstances, a seller is not entitled to attorney fees. *Payton v. Digiacomo*, No. 14-1453, 2015 WL 5285740, at *3 (Iowa Ct. App. Sept. 10, 2015). The Lemkes' request for appellate attorney fees is denied.

**IV.    Conclusion**

On our review, we find substantial evidence supported the findings of the district court. We affirm the dismissal of Hovden's claims the Lemkes violated chapter 558A. We deny the Lemkes' request for appellate attorney fees.

**AFFIRMED.**